**PRIVETT et al. v. RENTIE et al.**

No. 9220—Opinion Filed July 22, 1919.

(Syllabus by the Court.)

### Indians — Descent and Distribution — Creek Descent.

Affirmed on the authority of Thompson v. Cornelius, 53 Okla. 85, 155 Pac. 602; Hughes v. Bell, 55 Okla. 555, 155 Pac. 604; Jefferson v. Cook, 53 Okla. 272, 155 Pac. 852; McDonald v. Ralston, 65 Oklahoma, 166 Pac. 405; Moffer v. Jones, 67 Oklahoma, 169 Pac. 652.

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Action between C. R. Privett and another and Tena Rentie, nee Carter, and others. From the judgment, the parties first named bring error. Affirmed.

George T. Brown, for plaintiff in error.

Vernor & Vernor, for defendants in error.

KANE, J. This action involves the devolution of the allotment of Ressie Carter, deceased, a citizen of the Creek Nation, who died after statehood, leaving surviving her her father, a Cherokee freedman and noncitizen of the Creek Nation, and several brothers and sisters and nephews and nieces who were citizens of the Creek Nation.

The only question presented for review is stated by counsel for plaintiffs in error in their brief, as follows:

"Whether or not the lands in question, upon the death of Ressie Carter, the allottee, in the month of July, 1911, descended to the Cherokee freedman father, Nelson Carter, or to the Creek freedmen brothers and sisters and their descendants."

That the estate descended according to the laws of descent and distribution of the state of Oklahoma was definitely settled in the

case of Jefferson v. Cook, 53 Okla. 272, 62 L. Ed. 287.

The case then turns on whether the first proviso in section 6 of the Supplemental Creek Agreement, which provides that only citizens of the Creek Nation or their Creek descendants shall inherit lands of the Creek Nation, qualifies the Oklahoma law as it was held to qualify the laws of Arkansas, in Washington v. Miller, 235 U. S. 422, 59 L. Ed. 295. This question has been decided adversely to the contention of counsel for plaintiffs in error in the following cases: Thompson v. Cornelius, 53 Okla. 85, 156 Pac. 602; Hughes v. Bell, 55 Okla. 555, 155 Pac. 604; Jefferson v. Cook, 53 Okla. 272, 155 Pac. 852; Donald v. Ralston, 65 Oklahoma, 166 Pac. 405; Moffer v. Jones, 67 Oklahoma, 169 Pac. 652.

Counsel concedes that the judgment of the court below must be affirmed upon the authority of these cases unless he can so thoroughly present the proposition of law involved that the court will be persuaded to adopt his viewpoint and recede from its previous position.

As, after reading counsel's brief, we are still unconvinced that the opinions in the foregoing cases are wrong, it follows that the judgment rendered herein, which follows them, must be affirmed.

SHARP, JOHNSON, HARRISON, and McNEILL, JJ., concur.