S. GANO v. F. R. PRINDLE.

No. 133.

1. LANDLORD AND TENANT—*tenant cannot assign lease without assent of the landlord.* A tenant for the term of one year cannot assign or transfer to another any interest under his lease without the assent of his landlord.

2. VERDICT—*not sustained by sufficient evidence, should be set aside.* In the absence of any evidence to sustain a verdict, it is the duty of the court to set it aside and grant a new trial.

Error from Barton District Court. Hon. J. H. Bailey, Judge. Opinion filed September 15, 1897. *Reversed.*

*F. Vernon Russell,* for plaintiff in error.

*G. W. Nimocks,* for defendant in error.

DENNISON, P. J. This action was begun in justice's court by F. R. Prindle to recover from S. Gano and others for the conversion of a certain quantity of wheat.

The amended bill of particulars filed by the plaintiff below alleges, and the evidence upon both sides discloses, the following state of facts: Gano leased to

852       GANO v. PRINDLE.

S. Dept.      Opinion. Dennison, P. J.      6 Kan. App.

one Wilson a tract of land, by verbal lease, for one year, to cultivate in wheat. Prindle furnished to Wilson about one hundred bushels of seed wheat with which to sow the land leased from Gano. Gano was to have one-third of the wheat crop thrashed for the rent of the land, and Prindle was to have one-fourth of the entire crop for the seed wheat furnished. Some time in December, Wilson gave to Gano a chattel mortgage upon the total wheat crop to secure a debt which he owed to Gano, and left the country. Gano had the wheat harvested and thrashed, and then sold it to satisfy his claims. Prindle claimed the one-fourth of the wheat, demanded it from Gano, and upon his refusal to deliver the same brought this suit in the justice's court and obtained a judgment for $168.03 against Gano. Gano appealed to the District Court of Barton County, Kansas, and the case being tried by a jury a verdict was rendered against Gano for $167.60. Judgment was rendered upon the verdict, and Gano brings the case here for review.

During the trial of the case, the court gave the following instructions to the jury :

"2. You are instructed that in this case the burden of proof is upon the plaintiff to establish by a preponderance of evidence all the material allegations of his bill of particulars, among which material allegations are the following : *First*, that he was the owner of the wheat sued for in his bill of particulars, or some part thereof, by virtue of an agreement between him and Louis Wilson whereby they became cotenants of the land and joint owners of the wheat grown thereon ; *second*, that the said defendant S. Gano converted the same or some part thereof to his own use and benefit, without the consent of the plaintiff; *third*, that the wheat so converted was of some value.

"3. If you find from a preponderance of the evidence that defendant Louis Wilson, in the year 1890,

GANO v. PRINDLE.                    853

Sept. 15, 1897.      Opinion.   Dennison, P. J.          W. Div.

rented the land described in plaintiff's bill of particulars from defendant Gano, for which he was to pay Gano one-third of the crop raised, and the balance was to belong to him, then he would be Gano's tenant, and would be the owner of two-thirds of the crop raised and Gano would be the owner of the other one-third.   And if you further find from the evidence that after the renting of the said land from Gano said Wilson entered into an agreement or arrangement with plaintiff, by the terms of which the plaintiff and Wilson were to plant and cultivate the said land in wheat, each to have a share of the wheat so planted, plaintiff to have one-fourth and the said Wilson to have the remaining balance of the two-thirds, and that by virtue of such an agreement the plaintiff, as his part of such planting and cultivating, was to furnish the seed wheat to plant the said land, and that Wilson was to plant, cultivate, harvest and thresh the wheat grown upon the said land as his portion of the contract, and that there was no understanding or agreement between them that Wilson was purchasing the seed wheat from plaintiff, then I instruct you that, under such a state of facts, the plaintiff and Wilson, if Wilson was a tenant of the said land for a term exceeding two years, would be cotenants of the said land and joint owners of the wheat so planted from the time it was planted.

" But you are instructed that by an act of the Legislature of this State it is not lawful for a tenant for a term not exceeding two years, or at will, or by sufferance, to assign or transfer his term or interest, or any part thereof, to another without the written assent of the landlord or person holding under him ; and if he does so, such conduct is unlawful, and a contract arising out of such a transaction, or forming the basis of such a transaction, could not be enforced in any of the courts of this State, nor could an action be maintained which would involve the upholding or enforcement of any such contract; and if you find that said Wilson was Gano's tenant for a term not exceeding two years, or at will, or by sufferance, and that he by any sort of contract or agreement attempted to

854 GANO v. PRINDLE.

S. Dept. · Opinion. Dennison, P. J. 6 Kan. App.

assign or transfer his term or interest, or any part thereof, to plaintiff, or that he entered into any sort of understanding or agreement with plaintiff whereby plaintiff was to become his cotenant of the said land and a joint owner of the crops raised thereon, then I instruct you that such a contract, agreement or understanding, unless made with the written assent of the defendant Gano, was unlawful and void, that it cannot be enforced in this court, that plaintiff cannot maintain any action to enforce any rights or to reap any benefits which he may claim under and by virtue of such illegal contract, and that your verdict must be for the defendants.

"And if you find from a preponderance of the evidence that said Wilson purchased of said plaintiff a quantity of seed wheat with which to plant the said land, and in consideration of such purchase was to pay the plaintiff any number of bushels of wheat or any particular portion or share of the wheat raised in payment for said seed wheat, or, in other words, if he was to give the plaintiff for said seed wheat one-fourth of the crop raised upon the said land, then he would be a purchaser of the said seed wheat, and indebted to the plaintiff for the amount that he agreed to pay, and the plaintiff would not be the owner of any portion of said wheat grown until the same was delivered to him; and in case you find such a state of facts from the evidence, you should find for the defendants.

"4. I further instruct you, that if you find from the evidence that the plaintiff was the owner of one-fourth of the wheat, as explained in these instructions, then neither the said Wilson nor any other person would have any power or authority to sell, mortgage or pledge such interest of the plaintiff to any other person or persons without the plaintiff's assent so as to bind the plaintiff in this action.

"But if you fail to find such facts, and find that Wilson had only purchased the seed wheat of the plaintiff and thereby became his debtor, then he could mortgage the said wheat, or transfer it to Gano or any one else, without the consent of the plaintiff, and the plaintiff would be bound thereby."

The uncontradicted evidence of Mr. Gano was that he leased the land to Wilson by verbal lease for the term of one year, that he leased it to no one else during that period, and that he never consented that Mr. Wilson might transfer to any one else any of his interests under the lease. In the face of the instructions and the want of evidence under them, the jury rendered a general verdict against Gano and in favor of Prindle. The verdict is not sustained by evidence and is contrary to law. The court erred in not granting the plaintiff in error a new trial.

. The judgment of the District Court is reversed, and the case remanded with instruction to grant the plaintiff in error a new trial.