POWELL *et al.* v. NICHOLS *et al.*

No. 221.　Opinion Filed July 12, 1910.

1.　APPEAL AND ERROR—Review—Necessity of Motion for New Trial. The filing and determining of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing.

2.　EXECUTION—Property Subject—Leasehold Estates. A leasehold estate, the term of which under the written lease exceeds the period of two years, and with a covenant against subletting or signing on the part of the lessee without the consent of the lessor, is subject to sale under an execution against such lessee.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; Joseph G. Lowe, Judge.*

Action between B. M. Powell and others and James E. Nichols and others. Motion to set aside levy of execution upon a leasehold estate of plaintiffs in error. From an order overruling the motion, they bring error. Affirmed.

*Giddings & Giddings,* for plaintiffs in error.

*Burwell, Crockett & Johnson,* for defendants in error.—Citing: *Farnum v. Hefner* (Cal.) 21 Pac. 955; *Medina Temple Co. v. Currey,* 58 Ill. App. 433; *Smith v. Putnam,* 3 Pick. (Mass.) 221; 1 Freeman on Executions (3d Ed.) par. 119; 24 Cyc. 970; *In re Bush,* 126 Fed. 878.

WILLIAMS, J. The questions to be determined on this record are as follows:

(1) Is it necessary for a motion for new trial to be filed in order to review the action of a *nisi prius* court in granting or overruling a motion where evidence is heard thereon?

(2) Is the leasehold estate owned by the judgment debtor under a written lease for more than two years, containing a covenant

against subletting or assigning without the consent of the lessor, subject to execution?

1. The first question seems to have been settled in the case of *McDermott v. Halleck, as Receiver, et al.*, 65 Kan. 403, paragraph 1 of the syllabus being as follows:

"A new trial is a re-examination of an issue of fact. An issue of fact arises upon the pleadings. The pleadings upon which an issue of fact can arise under the case are the petition, answer, and reply. Hence, the filing and determination of a motion for a new trial of a contested question of fact not arising upon the pleadings, but arising upon a motion, is unnecessary to authorize the court to review the order made upon such hearing."

In support of that conclusion, the following authorities were cited: *Slobodisky v. Curtis*, 58 Neb. 211; *Harper v. Hildreth*, 99 Cal. 265; *Beach v. Spokane R. & W. Co.*, 21 Mont. 7; *Stone, Assignee v. Bank*, 8 Ohio C. C. 636; *First Nat. Bank v. Swan*, 3 Wyo. 356; 2 Thomp. Trials, sec. 2716; 4 Encyc. Pl. & Pr. 853.

In section 99, at page 66, Burdick on New Trials and Appeals (1907), it is declared that "In case, moreover, of an order upon a contested question of fact not arising upon the pleadings, but arising upon a motion, no motion for a new trial is necessary," in order to have the action of the court reviewed by the appellate court. In addition to *McDermott v. Halleck, supra*, the cases of *McDonald v. Cooper & Co.*, 32 Kan. 58; *Cook v. Larson*, 47 Kan. 70; *Dreese v. Myers*, 52 Kan. 126, are cited in footnote 26 in support of the text. The Supreme Court of the territory of Oklahoma seems never to have passed on this question. We conclude that a motion for a new trial is not essential in this case to have the action of the trial court reviewed.

2. The lease creating the estate levied upon under the execution bears date of October 13, 1906, and demises to the plaintiffs in error certain premises from November 1, 1906, to July 1, 1909. Section 3330, Wilson's Rev. & Ann. St. 1903, provides:

"No tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest, or

any part thereof, to another, without the written assent of the landlord or person holding under him."

The leasehold here in controversy, having been created for a period exceeding two years, this section of the statute has no application thereto. *Gano v. Prindle,* 6 Kan. App. 851.

The case of *Moser v. Tucker,* 87 Tex. 94, which is relied on by the plaintiffs in error, is based upon article 3250 of Sayle's Civil Stat., in words and figures as follows:

"If lands or tenements are rented by the landlord to any person or persons, such person or persons renting said lands or tenements shall not rent or lease said lands or tenements during the term of said lease to any other person without first obtaining the consent of the landlord, his agent or attorney."

In the case at bar the leasehold is not affected by such statutory provision, but is to be determined by the covenant therein against an assigning of the same without the consent of the lessor. By the weight of authority, covenants in leases against assignment or subletting, where intended by the parties to apply only to the voluntary acts of the tenant, the lease is not forfeited by any transfer made by operation of law, including sales under execution. A holding otherwise would in effect permit the creation of valuable interests in lessees which may be held by them in defiance of creditors. *Medinah Temple Co. v. Currey, Assignee,* 58 Ill. App. 433; *Smith v. Putnam et al,* 3 Pick. (Mass.) 221; *Riggs et al. v. Pursell et al.,* 66 N. Y. (21 Sickels) 193; *Jackson ex. dem. Stevens et al. v. Silvernail,* 15 Johnson (N. Y.) 278; *In re Bush,* 126 Fed. 878; *Farnum v. Hefner,* 79 Cal. 575; 24 Cyc. p. 970 and authorities cited in footnote; 1 Freeman on Executions (3rd Ed.) sec. 119. It does not affirmatively appear from this lease that the restriction was to apply other than to voluntary acts of the lessee.

It follows that the judgment of the lower court should be affirmed.

All the Justices concur.