**BRADY et al. v. SAMPSON.**

No. 12536—Opinion Filed Feb. 19, 1924.

Rehearing Denied Nov. 12,- 1924.

**1. Appeal and Error—Necessity for Motion for New Trial — Proceeding to Vacate Judgment.**

Where a proceeding is brought to vacate a former judgment of the district court, and a trial had in which record evidence together with oral testimony of witnesses is submitted upon the trial, resulting in a judgment, a motion for a new trial is necessary in prosecuting appeal, and where no motion for a new trial is presented to the trial court for review of the proceedings, a petition in error with case-made attached, filed here, presents nothing for review by the appellate court involving a consideration of the evidence.

**2. Same—Dismissal of Appeal.**

Record examined, and held, that this court has no jurisdiction to review the cause for the reason that no motion for a new trial was filed and considered in the trial court; and that the appeal should be dismissed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Judgment of the district court overruling and denying motions to set aside and vacate a sale of real estate, and order of confirmation thereof, growing out of a case styled "Tenie Rentie v. George Carter and Others," for partition. The movants, A. C. Brady, James Spencer, and W. M. Brisco prosecute appeal as plaintiffs in error, against Montie Sampson, as defendant in error. Appeal dismissed.

J. B. Furry, Geo. S. Ramsey, Edgar A. de Meules, Malcolm E. Rosser, and Villard Martin, for plaintiffs in error.

Ezra Brainard, Jr., and Charles P. Gotwals, for defendant in error.

Opinion by SHACKELFORD, C. This appeal grows out of an action in the district court of Okmulgee county, styled "Tenie Rentie. Plaintiff v. George Carter and Others, Defendants," in which certain lands were involved, and the action being brought for partition. The said suit was filed on the 4th of September, 1915; and judgment was entered in the cause on the 27th of December, 1916, adjudging certain of the parties to be owners of the land; and for partition and appointing commissioners to partition or appraise the land involved. The cause was appealed to this court and was here pending until July 22, 1919, when an opinion was handed down affirming the decision of the trial court. The appealed case is styled Privett et al. v. Rentie et al., and the cause reported in 75 Okla. 191, 182 Pac. 898. It seems that no supersedeas bond was filed to supersede the judgment in said proceeding pending appeal. During the course of the proceeding the commissioners made a report fixing the value of the property; and one A. C. Brady, one of the plaintiffs in error here, signed an election to take the property at its appraised value. It appears that an order of the court was made permitting Brady to take under his election: but this order was afterwards set aside. apparently because Brady did not perform by paying the assessed value. An order was then made by the court directing the sheriff to sell the property for the purpose of partitioning the proceeds. The sheriff sold the property in compliance with the order and at two-thirds of the appraised value. as provided by law. and the order of the court. Montie Sampson. the defendant in error here, became the purchaser, and on the 2nd of February, 1920, an order was made by the court confirming the sale: and on the 24th of February, 1920,

the court made an order disbursing the proceeds of the sale.

On April 22, 1920, A. C. Brady filed his motion to set aside the sale and order of confirmation; and on the 29th of April, 1920, filed a first amended motion to set aside the sale and order of confirmation; and on the 8th of February, 1921, he filed a second amended motion on behalf of himself and James Spencer to set aside the sale and the order of confirmation, and it was upon this second amended motion that the cause was heard before the court so far as these movants were concerned. On the 19th of May, 1920, W. M. Brisco, who had become interested in the property, filed his motion to set aside the original judgment in the Rentie case and to set aside the sale of the land and the order of confirmation thereof. In the second amended motion of A. C. Brady, 12 reasons are alleged why the sale should be set aside, many of them being allegations of fact; and the motion of W. M. Briscoe is rather lengthy and contains largely the same grounds set up in the Brady motion. Notice of hearing upon these motions seems to have been served upon Montie Sampson, and he made a special appearance and objected to the jurisdiction of the court over him for the reasons, to wit: (1) Because he had not been served with summons; and (2) because the term of court in which the sale was confirmed had expired. The special appearance was overruled. Thereafter a hearing was had upon the motions. Upon the hearing the entire record in the Rentie case was put in evidence, and oral testimony covering about 50 pages of the case-made was taken. At the close of the evidence the court entered a decision and judgment overruling and denying the motions to vacate the sale and the order of confirmation thereof. The journal entry of judgment was filed on March 2, 1921. The movants excepted and gave notice of appeal: and time was extended for making and serving case-made to ninety, ten, and five days. The case-made was settled, signed, and attested on the 29th of July, 1921: and the cause was filed here on the 10th of August, 1921. In the petition in error there are 14 assignments of error presented, and all of them are urged in the plaintiffs in error's brief.

The defendant in error, Montie Sampson, urges a motion to dismiss the appeal because of the failure of the movants to file a motion for a new trial presenting for review by the trial court errors occurring at the trial. An examination of the case-made discloses that no motion for a new trial is incorporated therein. It is not alleged in the petition in error that the court erred in overruling the motion for a new trial. In the journal entry no mention is made of the filing and overruling of a motion for a new trial. The case-made is certified by the clerk as a complete transcript of the cause. It seems to be certain that no motion for a new trial was filed as required by law. It seems equally certain that to dispose of this cause upon its merits involves consideration of the evidence taken before the trial court upon the hearing had upon the several motions to vacate and set aside the sale and the order of confirmation. An examination of the record further discloses that the proceeding brought must be treated as a proceeding to vacate and set aside an order and judgment of the court under subdivision four of section 810, Comp. Stat. 1921, which is the same as section 5267, Rev. Laws 1910. That being the status of this cause, has this court any jurisdiction to examine this appeal upon its merits or upon the merits of the controversy as presented to the trial court by the several motions?

Harper et al. v. Rutland Sav. Bank, 79 Okla. 274, 192 Pac. 1101, was a case where a petition was filed to vacate and set aside a former judgment of the court; and hearing was had upon the issues framed and testimony taken on the part of the petitioner, and demurrer sustained thereto; and the petitioner appealed by case-made but without having filed a motion for a new trial. Defendant in error moved to dismiss the appeal for the reason, among others, that no motion for a new trial was filed, and it, together with the ruling of the court thereon, incorporated in the case-made. This court said:

"Where a petition is filed, under subdivision 4, section 5267, R. L. 1910, seeking to vacate a judgment on the grounds of fraud, practiced by the successful party in obtaining the judgment, and an answer is filed denying the allegations of the petition, and issue is joined, and after the close of the evidence in support of the petition a demurrer is filed to the evidence, as being insufficient to sustain the allegations of the petition, which demurrer is sustained, in order to have this court review the evidence adduced at the trial, a motion for a new trial is necessary and such motion and the ruling thereon must be incorporated in the case-made, and attached to the petition in error filed in this court."

We think the rule laid down there is applicable and controlling here. A motion for a new trial was necessary under our practice.

There being no motion for a new trial filed in the court below, and ruling had thereon, this court has no jurisdiction to examine the cause upon its merits. There is nothing presented here for review.

We recommend that the motion to dismiss be sustained and the appeal dismissed.

By the Court: It is so ordered.