GINN et al. v. KNIGHT.

No. 13240—Opinion Filed Sept. 30, 1924.

Rehearing Denied Jan. 27, 1925.

1. Pleading — Motions—Determination of Nature—Orders.

The nature of a pleading or motion filed in a cause is determined by the subject-matter thereof, and by the relief the court is authorized to grant under it, and not by the title given it by the pleader, and where it appears from the subject-matter of the instrument filed that the only relief sought or authorized by it is an order, such instrument will be treated as a motion and the decision rendered thereon as an order, and not as a judgment.

2. Appeal and Error—Time for Case-Made —Effect of Unauthorized Motion for New Trial.

The filing and determination of a motion for new trial of a contested question of fact arising upon a motion is not necessary to authorize this court to review the order made upon such hearing, and filing of a motion for a new trial is unauthorized in such a proceeding and does not extend the time in which to make and serve a case-made.

3. Same—Time for Appeal From Final Order.

A proceeding in this court to reverse a final order of the district court must be commenced within six months of the rendition of the final order complained of, and the time runs from the rendition of such order.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Motion filed by Edwin Ginn, G. A. Plimpton, Lewis Parkhurst, T. W. Gilson, F. M. Ambrose, Henry H. Wilton, Richard S. Thomas, C. H. Thurber, T. B. Lawler, W. D. Hall, Seldon C. Smith, and O. J. Laylander, copartners, trading under the firm name of Ginn & Company, to cancel a credit upon a judgment herein. against the defendant W. L. Knight. Motion denied, and plaintiffs appeal. Appeal dismissed.

C. Dale Wolfe, for plaintiffs in error.

John W. Willmott and R. J. Roberts, for defendants in error.

Opinion by DICKSON, C. The plaintiffs in error were plaintiffs below, and defendant in error, defendant below, and will be referred to in this opinion as plaintiffs and defendant.

On the 10th day of November, 1913, the plaintiffs, having theretofore obtained judgment against the defendant, caused an execution to issue thereon and levied upon certain lands in Seminole county, as the property of the defendant. It appears that said lands were appraised, advertised, and sold under said execution, and purchased by the plaintiffs, that said sale was confirmed by the said court and a sheriff's deed executed and delivered to the plaintiffs, and the judgment credited with the amount of the plaintiffs' bid.

Afterward, and on the 5th day of June, 1918, the plaintiffs filed in said cause, in which said execution was issued, what they denominate a "motion or petition", the first paragraph of which is as follows:

"Come now the plaintiffs and respectfully show to the court that on the 10th day of November, 1913, there was issued in this cause an execution upon a judgment indebtedness in favor of plaintiffs in the sum of $447.97. and interest and costs due thereon, against the defendant, W. L. Knight, as shown by the judgment docket herein, which execution was levied by the sheriff of Seminole county, Okla., thereafter upon the following described land situate in Seminole county, Okla., to wit:"

Then follows a description of the land sold, and an averment that said land stood upon the record in the name of said defendant, and that the plaintiffs bid the sum of $268 therefor, upon the faith and belief that said lands belonged to the defendant, that after the execution and delivery of said sheriff's deed, at the suit of the real owner of said lands, the deed under which defendant held the apparent title was canceled, as well as the said sheriff's deed to the plaintiffs, and that it was adjudged and decreed that the defendant never had any title or interest in or to said lands, that by reason of the cancellation of said deeds, said credit upon said judgment was obtained without consideration, that the defendant parted with nothing by reason of the execution, sale, and credit, and the plaintiffs gained nothing. The relief prayed was that said credit be canceled and held for naught.

It appears that there was a hearing had upon said motion of petition, and evidence offered by both sides, on the 3rd day of August, 1921, and at the conclusion of said hearing the court announced its decision as follows: "Motion of the plaintiffs is denied." The plaintiffs excepted and gave notice of their intention to appeal to this court. On the 4th day of August, 1921, the plaintiffs filed in said cause a motion for a new trial. This motion was overruled on the 17th day

of October, 1921, and the plaintiffs excepted and again gave notice of their intention to appeal to this court, and were granted 60 days in which to make and serve a case-made, subsequently there was a further extension of time in which to make and serve a case-made, and within the time fixed by said extension, and on the 9th day of February, 1922, said case-made was served, and on the 20th day of the same month was settled by the trial judge.

The plaintiffs have appealed to this court, and the petition in error with the case-made attached was filed in this court on the 15th day of April, 1922.

The defendant has filed a motion to dismiss the appeal upon the grounds that the paper denominated "motion or petition" was in reality a mere application to the court for an order; that the proceedings of August 3, 1921, was a hearing and not a trial, and that the decision of the court overruling and the same was an order and not a judgment and that the case-made was not served within 15 days after the rendition of said order, and that no extension of time for making and serving a case-made was granted within 15 days after the 3rd day of August, 1921, as required by section 785. Comp. Stat. 1921. If the paper filed on June 5, 1918, was in reality a motion, that is, "an application for an order, addressed to the court. * * * by any party to a suit or proceeding, * * *" (Comp. Stat. 1921, sec. 853) no motion for a new trial was necessary or authorized, and the motion to dismiss should be sustained. The nature of a pleading is not determined by the title given it by pleader, but by the subject-matter thereof. State ex rel. Morrison v. City of Muskogee et al., 70 Okla. 19, 172 Pac. 796.

We think that the instrument filed was in reality a motion, it was filed in the original case, no new case was docketed or summons issued. It appears to have been treated throughout as a motion. The plaintiffs presented it to the court in the first instance without giving notice to the defendant, and secured an order canceling said credit, said order reciting, among other things:

"This matter comes on to be heard upon the application of the plaintiffs herein to reinstate that part of their judgment against the defendant for which credit was given. * * *"

Subsequently the last mentioned order was set aside for the reason that it had been entered without notice, and it was further ordered that:

"The motion of the plaintiffs to reinstate judgment and cancel the credit of $268 be, and is hereby continued for further hearing with leave to the defendant to file answer thereto."

If the decision had gone for the plaintiffs, it would not have resulted in a judgment, but in an order as defined by section 859, Comp. Stat. 1921:

"The filing and determining of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing."

The order overruling the original motion was made August 3, 1921. The case-made was not served within 15 days from the date of said order, and the time for making and serving a case-made was not extended. The filing of the motion for a new trial being unnecessary and unauthorized, did not have the effect of extending the time in which to make and serve a case-made, neither did it extend the time within which to commence proceedings in error in this court. Powell et al. v. Nichols et al., supra; Bond et al. v. Cook et al., 28 Okla. 446, 114 Pac. 723; McDermott v. Halleck, as Rec., et al., 65 Kan. 403, 69 Pac. 335; Burdick on New Trials and Appeals, sec. 99 at page 66; Healy v. Davis, 32 Okla. 296, 122 Pac. 157. For the reason that the case-made was not served within the time prescribed by section 785, supra, and for the further reason that the petition in error was not filed within six months from the rendition of the order appealed from, we recommend that this appeal be dismissed.

By the Court: It is so ordered.