**BRANDON et al. v. PERMUTIT CO.**

No. 12978—Opinion Filed Sept. 15, 1925.

**Appeal and Error—Time for Appeal from Ruling on Motion.**

The filing and determining of a motion for a new trial of a contested question of fact, not arising upon the pleadings, but upon a motion, is unnecessary to authorize the Supreme Court to review the order made upon such hearing ;and the time for taking an appeal to the Supreme Court dates from the making of such order.

(Syllabus by Jarman, J.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by George W. Brandon and others against the Permutit Company. Judgment for defendant, and plaintiffs bring error. Dismissed.

W. J. Davidson, Oliver C. Black, and D. B. Welty, for plaintiffs in error.

A. G. Morrison, for defendant in error.

Opinion by JARMAN, C. George W. Brandon and C. J. Davidson, doing business under the name of Liberty Boiler & Engineering Company, commenced this action against the Truelock Ice Company to foreclose a lien for labor and material furnished in the repairing of certain machinery of said defendant. The National Refrigerator Company and the Mutual Investment Company were also made defendants and they filed cross-petitions to foreclose a materialman's lien and a mortgage held by them, respectively, on the machinery, equipment, and real estate held by their codefendant, Truelock Ice Company. A trial was had, resulting in a judgment for the plaintiff and the cross-petitioners, from which no appeal was taken, and said judgment became final. After the filing of said action, a receiver was appointed to take charge of the properties of the Truelock Ice Company. After judgment was rendered in favor of the plaintiff and the cross-petitioners, the Permutit Company filed a motion setting up that it was the owner of certain portions of machinery or equipment in the hands of the receiver by virtue of a conditional sales contract executed by it and the Truelock Ice Company, whereby the title to said machinery and equipment was retained by it, and prayed for an order requiring the receiver to deliver to it said property. A hearing was had on this motion, resulting in an order being made directing the receiver to surrender to the Permutit Company said property, as its individual property. From this order the plaintiffs and the cross-petitioners have appealed.

This order, from which the appeal is attempted to be taken, was made on July 1, 1921, as shown by the amended case-made. A motion for a new trial was filed by the plaintiff and the cross-petitioners on July 4, 1921, and the case was filed in this court on January 16, 1922. The defendant in error has filed a motion to dismiss said appeal, and, among other grounds, alleges that the appeal was not taken within six months from the rendition of the final order complained of as provided by section 798, Comp. St. 1921. It is the contention of the defendant in error that the time for taking an appeal dates from the rendition of the final order and not from the time the motion for a new trial was overruled, and, under this theory, the appeal was not taken within the time required, for a period of six months and 15 days had expired from the time the final order was made until the case was filed in this court. If the time for taking said appeal is to be computed from the date of the overruling of the motion for a new trial, then the appeal was taken in time, as the case was filed in this court exactly six months from the date the motion for a new trial was overruled.

This question has been definitely settled by this court in the case of Powell v. Nichols, 26 Okla. 734, 110 Pac. 762, wherein it is held:

"The filing and determining of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing."

The Powell-Nichols Case, supra, is based upon the rule announced in the case of McDermott v. Halleck, Receiver; 65 Kan. 403, 69 Pac. 335, as follows:

"A new trial is a re-examination of an issue of fact. An issue of fact arises upon the pleadings. The pleadings upon which an issue of fact can arise under the Code are the petition, answer, and reply. Hence, the filing and determination of a motion for a new trial of a contested question of fact, not arising upon the pleadings, but arising upon a motion, is unnecessary to authorize this court to review the order made, upon such hearing."

This rule is also followed in the recent case of Wright v. Evans, 108 Okla. 180, 235 Pac. 534.

Under the foregoing authorities the filing of the motion for a new trial in the instant case was mere surplusage and the same did not operate, to extend the time in which an appeal could be taken from the final order complained of, which was six months from the date of the rendition thereof. Therefore, this court is without jurisdiction to hear and determine this matter on appeal.

This case is somewhat like the proverbial cat, in that it seems to have several lives. This is the third time the appeal has been dismissed by this court. It was first dismissed on September 23, 1924, on the ground that the case-made showed that the final order complained of was rendered June 29, 1921, and that since the motion for a new trial was not filed until July 4, 1921, more than three days after the rendition of the order, the court held that the case was not here on appeal. After that opinion was rendered, the plaintiffs in error withdrew the case-made and corrected the same to show that the final order was rendered on July 1, 1921, and thereafter a motion for a new trial was filed within the three-day period, and the first opinion was withdrawn. On June 9, 1925, another opinion was filed dismissing the appeal on the ground that the record failed to show that the motion for a new trial was ever acted upon by the trial court, but upon further consideration the court withdrew said opinion. Now we come to the disposition of the appeal for the third and last time. We prefer to dispose of the case on its merits, but cannot do so, when this court is without jurisdiction.

For the reasons hereinabove given, it is recommended that said appeal be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. pp. 972, § 866, 1051, § 1050.