**In re GUARDIANSHIP OF BUTLER.
BUTLER v. ARCHARD, Gdn.**

No. 18558.  Opinion Filed Dec. 6, 1927.

Rehearing Denied Feb. 28, 1928.

(Syllabus.)

1. **Appeal and Error—Time for Appeal not Extended by Filing Unnecessary Motion for New Trial—Contested Question of Fact Arising Upon Guardian's Account.**

The filing and determination of a motion for a new trial of a contested question of fact not arising upon the pleadings, but upon an account filed in guardianship proceedings, and objection thereto, is unnecessary to authorize this court to review the order made upon such hearing, and the filing of such unnecessary motion for new trial in such proceedings does not extend the time in which to file an appeal.

2. **Same—Dismissal of Appeal not Filed Within Six Months After Final Order.**

Proceedings on appeal to this court must be commenced within six months of the rendition of the final order complained of, and when not filed within the time allowed by the law, the appeal will be dismissed.

Error from District Court, Hughes County; George C. Crump, Judge.

In the matter of guardianship of Susanna Butler, an incompetent; H. A. Archard, guardian. From order of district court, on appeal from county court, settling guardian's account and restoring the guardian, Pulser Butler for himself and as next friend of his two minor children, appeals. Appeal dismissed.

See, also, 124 Okla. 245, 255 P. 580.

Pryor & Stokes and Hugh Murphy, for plaintiff in error.

Anglin & Stephenson, for defendant in error.

PER CURIAM. On the 8th day of February, 1926, H. A. Archard, the duly appointed, qualified, and acting guardian of Susanna Butler, an incompetent, filed in the county court of Hughes county his annual account as such guardian covering his acts and transactions from September 18, 1924, to January 18, 1926. On March 25, 1925, Pulser Butler, as husband and next friend of Susanna Butler, for himself and as such husband and next friend and on behalf of their two minor children, filed an objection to the annual account of such guardian filed February 8, 1926, and prayed that the same be not approved. Before any hearing was had on the account rendered by said guardian, and on the objections thereto, the judge of said county court, on May 1, 1926,

ordered and commanded said guardian to file a report of his acts and doings as such guardian on or before May 12, 1926. On May 11, 1926, said guardian filed an account of his acts as such guardian from January 18, 1926, to May 8, 1926. Notice of hearing was given, a hearing had before the judge of said county court on August 31, 1926. The accounts so filed were disapproved, and H. A. Archard was removed from said trust and was ordered to file final account. From this order of the county court, H. A. Archard appealed to the district court of Hughes county, where a hearing was had de novo, and on December 27, 1926, the district court made an order directing the county court to approve guardian's report and reinstate H. A. Archard as guardian of Susanna Butler. On December 29, 1926, Pulser Butler, for himself and for his two minor children, filed a motion for new trial, and which motion was on February 7, 1927, overruled, notice of appeal given, and the appeal lodged in this court on the 26th day of July, 1927. The defendant in error now moves the court to dismiss the appeal in this cause, and, among other reasons, assigns that the appeal was not lodged in this court within the time provided by law for the filing of the same, and urges that the time for filing of an appeal began to run on the 27th day of December, 1927, and was not extended by the filing of a motion for new trial for the reason that a motion for new trial was unnecessary to bring the matter before this court for review.

A trial is a judicial examination of the issues, whether of law or of fact. Section 527, C. O. S. 1921. Issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other. Section 528, C. O. S. 1921. An issue of fact arises: First, upon a material allegation in the petition, controverted by the answer: or, second, upon new matter in the answer, controverted by the reply; or, third, upon new matter in the reply, which shall be considered as controverted by the defendant without further pleading. Section 530, C. O. S. 1921. A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. Section 572, C. O. S. 1921. From the above-cited sections of the statute we find that a new trial may be had only on issues joined by the pleadings upon the grounds set forth in section 572, supra.

Unless otherwise specifically provided, the

law governing accounts and settlement of accounts of guardian is the same as that concerning the estates of decedents. Section 1478, C. O. S. 1921. The annual account of a guardian is an exhibit filed in the court in the proceedings pending showing the acts of a guardian in the management of and condition of ward's estate. Section 1324, C. O. S. 1921. When an exhibit is rendered, any person interested may appear and by objection, in writing contest any account or statement therein contained. Section 1328, supra; section 1337, C. O. S. 1921.

The Code of Probate Procedure in this state is largely taken from the Probate Code in California, in which state it has been held that it is the duty of the court to carefully examine the accounts of guardian, regardless of objections, to scrutinize the account, correct all errors, reject all items of credit which appear illegal or excessive, and generally to inquire into the truthfulness and accuracy of the items of charges and credits and of the facts alleged in the report. In re Boyes' Estates, 151 Cal. 143, 90 Pac. 454.

The filing of exceptions and objections thereto is but an aid to the court. In Re Franklin's Estate (Cal.) 65 Pac. 1081, it is held no issue is formed by objections to an annual account of executor; that a motion for new trial does not extend the time in which to file appeal from an order settling the same. In the case of Powell v. Nichols, 26 Okla. 734, 110 Pac. 762 this court quoted with approval from the case of McDermott v. Halleck, 65 Kan. 403:

"A new trial is a re-examination of an issue of fact. An issue of fact arises upon the pleadings. The pleadings upon which an issue of fact can arise under the Code are the petition, answer and reply. Hence, the filing and determination of a motion for new trial of a contested question of fact not arising upon the pleadings, but arising upon a motion, is unnecessary to authorize this court to review the order made upon such hearing."

And in that case the court laid down the rule in the first paragraph of the syllabus thereof:

"The filing and determination of a motion for new trial of a contested question of fact not arising upon the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing."

From the foregoing statutes and citations we determine that the account filed by the guardian herein is not a pleading, but is an exhibit, and that the examination thereof by the court is not a trial, and that the action of the court therein appealed from herein is an order allowing such account. and that the motion for new trial bringing the error complained of before the trial court for review was unnecessary, and the filing of such unnecessary motion for new trial did not extend the time in which to file the appeal in this court. Ginn v. Knight, 106 Okla. 4, 232 Pac. 936. The order appealed from in this cause was made in the trial court on the 27th day of December, 1926, and the time in which to file the appeal in this court expired on the 27th day of June, 1927, the appeal lodged in this court on the 26th day of July, 1927, therefore not within the six months allowed by law in which to appeal from the order of the court made in this cause, and the appeal is hereby dismissed.

Note.—See under (1) 3 C. J. p. 1051, §1050; 29 Cyc. p. 739. (2) 3 C. J. p. 1055, §1054, p. 1067.