## BARFIELD PETROLEUM CO. et al. v. PICKERING LUMBER CO. et al.

No. 19804.   Opinion Filed June 11, 1929.

Dyer & Smith, for plaintiffs in error.

F. W. Herndon and Otjen, Wilson & Carter, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court of Garfield county made on the 7th day of January, 1928, denying plaintiffs in error's motion to vacate a judgment formerly rendered in this cause and from an order confirming sheriff's sale.

The motion to vacate the judgment is based upon the grounds that the trial court had no jurisdiction to render the judgment sought to be vacated, for the reason no sum-

mons was served upon the defendant, the Barfield Petroleum Company, one of the plaintiffs in error in this court, and that the sheriff's return on the summons had been altered and changed to show the service of summons upon an officer of the company, when in fact it was not served.

At a hearing on the motion to vacate the judgment, documentary evidence and oral testimony was introduced. At the conclusion of such hearing, the trial court made the order appealed from. On the same day the motion to vacate the judgment was denied, the court made an order confirming the sheriff's sale of property resulting from the judgment sought to be vacated.

The plaintiffs in error filed their motion for new trial, and which motion was overruled on the 4th day of April, 1928, and the appeal filed in this court October 3, 1928.

In the case of Myers v. Chamness, 102 Okla. 131, 228 Pac. 988, in the body of the opinion, this court said:

"The judgment sought to be vacated was rendered without service of summons upon the defendant, but upon an unauthorized appearance by attorneys; therefore, the court did not, in fact, acquire jurisdiction of the person of the defendant. This infirmity did not appear upon the face of the judgment, hence it was not void, in the legal sense, but was voidable, and should have been vacated on the motion of the defendant, calling the court's attention to such unauthorized appearance, and evidence dehors the record was admissible to show such unauthorized appearance, and want of jurisdiction. Edwards v. Smith, 42 Okla. 544, 142 Pac. 302; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681. Under these circumstances, relief might have been had under the 3rd subdivision of section 810, Comp. Stat. 1921, on account of irregularity in obtaining the judgment, and it was unnecessary for the motion to vacate to be supported by an answer showing a meritorious defense, or to in any other manner show such defense."

Section 811, C. O. S. 1921, provides that "The proceedings to correct mistakes or omissions of the clerk or irregularity in obtaining judgment or order shall be by motion." The proceeding of the trial court to vacate the judgment upon the grounds that the judgment was rendered without service of summons on the Barfield Petroleum Company was under the third subdivision of section 810, C. O. S. 1921, and upon motion. This court has held in a number of cases that the filing and determination of a motion for new trial on a contested question of fact, not arising on the pleadings,

but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing. Powell v. Nichols et al., 26 Okla. 734, 110 Pac. 762; Oxford v. State, 80 Okla. 103, 194 Pac. 101; Brandon v. Permutit, 112 Okla. 7, 242 Pac. 763; Butler v. Archard, 130 Okla. 241, 266 Pac. 1106. The case of Brady v. Sampson, 104 Okla. 72, 230 Pac. 248, is not in conflict with the rule applied in this case, for the reason the proceedings to vacate the judgment in that case were under subdivision 4 of section 810, C. O. S. 1921, and the court correctly followed the rule announced in the case of Harper v. Rutland Savings Bank, 79 Okla. 274, 192 Pac. 1101, for the reason section 812 provides that proceedings under the 4th subdivision of section 810 shall be by petition, on which a summons shall be issued and served as in the commencement of an action. A petition is a pleading (section 264, C. O. S. 1921), and to determine the issues then before the court under subdivision 4, section 810, supra, a trial is had on the issues joined by the pleadings, which come within the exceptions to the rule followed in this case. The filing and determination of an unnecessary motion for new trial does not extend the time in which to file an appeal. Butler v. Archard, supra; Ginn v. Knight, 106 Okla. 4, 232 Pac. 936.

Proceedings on appeal to this court must be commenced within six months from the rendition of the final judgment or order complained of and sought to be reviewed, and when not filed within the time allowed by law, the appeal will be dismissed. Butler v. Archard, supra; Verschoyle v. McDaniels, 127 Okla. 166, 260 Pac. 55; Ginn v. Knight, supra.

What we have said concerning the necessity of the motion for new trial on the motion to vacate the judgment applied to the objection to the confirmation of the sheriff's sale.

The orders of the court overruling plaintiffs in error's motion to vacate the judgment and the order confirming the sale were made on the 7th day of January, 1928, the appeal was not filed in this court until the 3rd day of October, 1928, and therefore not within the six months allowed by law in which to file an appeal, and upon motion of the defendants in error the appeal is dismissed.

Note.—See under (1) 2 R. C. L. p. 104; 1 R. C. L. Supp. p. 398; 4 R. C. L. Supp. p. 81. (2) 2 R. C. L. p. 108; 1 R. C. L. Supp. 399; 7 R. C. L. Supp. 32. See "Appeal and Error," 3 C. J. §1050, p. 1051, n. 10; §1054, p. 1055, n. 34.