## FLIEDNER v. HINCHEE.

No. 23124. Opinion Filed May 3, 1932.

Everest, McKenzie, Halley & Gibbens, for plaintiff in error.

H. C. Thurman, for defendant in error.

PER CURIAM. Judgment was rendered in the district court of Oklahoma county, September 20, 1929, in favor of G. W. Hinchee, plaintiff, and against C. W. Fliedner and others, defendants, quieting title to certain lands described in plaintiff's petition. In said action service by publication was obtained on the defendant C. W. Fliedner, and on January 3, 1930, and at the same term of court, the defendants C. W. Fliedner and others filed motion to vacate this judgment, and in said motion the grounds are set out in the third paragraph as follows:

"The defendants further say that none of the defendants, or any officer or agent of the defendants, or either thereof, had any actual knowledge or notice that said suit was pending prior to the obtaining of such judgment, or in time to appear in court and make defense to said action, and further, the defendants and each of them say that none of these defendants received a copy of any notice by publication or of the petition in this cause.

"That the defendants herewith tender into court their answer to the petition of the plaintiff, and same is hereto attached, marked exhibit 'A.' and by this reference made a part hereof."

The motion then prays that said judgment be set aside as to these defendants, and that each of them be allowed time within which to file an answer, and for such further and other relief as may be equitable and just. The answer referred to as attached to the motion is an unverified general denial. The matter was heard in the trial court on the 10th day of November, 1930, upon oral testimony and documentary evidence introduced by plaintiff and defendants, and taken under advisement by the court for the purpose of permitting the same to be submitted on briefs. On May 22, 1931, the trial court entered its order denying and overruling the motion of the defendants to vacate the judgment, to which action of the court the defendant C. W. Fliedner excepted and gave notice of his intention to appeal, and, upon application, was allowed 60 days from said date in which to make and serve case-made on appeal. On May 23, 1931, the said defendant filed motion for new trial, which said motion was overruled on the 23rd day of June, 1931, the defendant's exception noted, notice again given of intention to appeal, and upon application, the defendant, C. W. Fliedner, allowed 60 days from said date in which to make and serve case-made on appeal. Other extensions of time were granted by the trial court; and petition in error with case-made was filed in this court on December 3, 1931, more than six months subsequent to the date of the final order denying and overruling the motion to vacate judgment.

Defendant in error has filed motion to dismiss the appeal on the grounds that the appeal was not filed in this court within the time provided by the statute; and plaintiff in error has filed response to said motion, wherein he contends that the motion to vacate the judgment comes under subdivisions 4 and 7 of section 810, C. O. S. 1921, and that motion for new trial was therefore necessary, and that the time for filing the appeal should date from the order overruling the motion for new trial, to wit, June 23, 1931, and the petition in error and case-made having been filed on December 3, 1931, was within the six-month period for filing appeal in this court.

We are of the opinion that this case comes clearly within the rule announced in Barfield Petroleum Co. v. Pickering Lumber Co., 137 Okla. 151, 278 P. 391, wherein the facts are similar to the facts in this case, the motion to vacate the judgment being based upon the grounds that the trial court had no jurisdiction to render the judgment sought to be vacated for the reason no summons was served upon the defendant; and, at the hearing on the motion to vacate the judgment,

documentary evidence and oral testimony was introduced. In the body of the opinion in that case this court held:

"Section 811 (should be 810) C. O. S. 1921, provides that 'The proceedings to correct mistakes or omissions of the clerk or irregularity in obtaining judgment or order shall be by motion.' The proceeding of the trial court to vacate the judgment upon the grounds that the judgment was rendered without service of summons on the Barfield Petroleum Company was under the third subdivision of section 810, C. O. S. 1921, and upon motion. This court has held in a number of cases that the filing and determination of a motion for new trial on a contested question of fact, not arising on the pleadings, but upon a motion, is unnecessary to authorize this court to review the order made upon such hearing. Powell v. Nichols, 26 Okla. 734, 110 P. 762; Oxford v. State, 80 Okla. 103, 194 P. 101; Brandon v. Permutit, 112 Okla. 7, 242 P. 763; Butler v. Archard, 130 Okla. 241, 266 P. 1106. The case of Brady v. Sampson, 104 Okla. 72, 230 P. 248, is not in conflict with the rule applied in this case, for the reason the proceedings to vacate the judgment in that case were under subdivision 4 of section 810, C. O. S. 1921, and the court correctly followed the rule announced in the case of Harper v. Rutland Savings Bank, 79 Okla. 274, 192 P. 1101. * * * The filing and determination of an unnecessary motion for new trial does not extend the time in which to file an appeal. Butler v. Archard, supra; Ginn v. Knight, 106 Okla. 4, 232 P. 936."

Proceedings on appeal to this court must necessarily be commenced within six months from the rendition of the final judgment or order complained of and sought to be reviewed; and when not filed within the time allowed by law, the appeal will be dismissed. Butler v. Archard, supra; Verschoyle v. McDaniels, 127 Okla. 166, 260 P. 55; Barfield Petroleum Co. v. Pickering Lumber Co., supra.

The motion for new trial was unnecessary, and the filing, and order overruling the same, a nullity, and therefore did not operate to extend the time in which an appeal from the final order must be filed.

The order of the trial court overruling plaintiff in error's motion to vacate the judgment, the final order appealed from, was made and entered on the 22nd day of May, 1931, and the appeal was not filed in this court until the 3rd day of December, 1931, and therefore not within the six months allowed by law within which to file an appeal. This court is without jurisdiction to review the valid final order appealed from, and the appeal is dismissed.

Note.—See under (1) 2 R. C. L. 98 et seq.; R. C. L. Perm. Supp. p. 330; R. C. L. Pocket Part, title Appeal, § 72.