Upon Petition filed in the county court of Okmulgee county, by John Freeman, Jr., as a friend of Hannah Anderson, whom he alleged to be mentally incompetent to manage her estate, praying for the appointment of a guardian, the said county court made and entered its order and judgment adjudging the said Hannah Anderson to be an incompetent, and a further order appointing C.W. Roodhouse as guardian of the person and estate of the said Hannah Anderson. An appeal to the superior court of Okmulgee county on both questions of law and fact was perfected. On March 11, 1931, the superior court made findings of fact and entered judgment, the material portion of which reads as follows:
"Thereupon, counsel for said appellee and said guardian moved the court for a continuance of said cause, and upon opposition thereto by counsel for the appellant and for failure to show good and sufficient cause for such continuance, said application was overruled and denied. To which ruling counsel for appellee and said C.W. Roodhouse duly excepted. Thereupon, counsel for said appellant moved the court to first hear said cause upon the questions of law presented by said appeal, which involved the jurisdiction of the court below and this court to hear and determine said matters on the merits for want of the issuance of valid process and a valid service thereof. And after hearing arguments of counsel for said appellant in support of said motion and of counsel for said appellee and said guardian in opposition thereto, the court sustained said motion and announced that in the event the court determined that it had jurisdiction at this time to hear and try said matter on the merits, that a further reasonable continuance would be granted said appellant and said appellee to properly prepare for trial. To which ruling counsel for appellee and said C.W. Roodhouse duly excepted. Thereupon the court proceeded to hear the said jurisdictional questions involved in and presented by said appeal. Thereupon the court examined and considered the transcript of the judge of the county court of the minutes, records, papers and proceedings in said probate matter No. 2850, as lodged in this appeal; the proceedings heretofore had and taken by this court in appeal matter No. 2876; and the judgment and decision of the Honorable Supreme Court of the state of Oklahoma in original action No. 19595 entitled, Swain, Judge, et al., v. Swan Judge, 147 Okla. 33,294 P. 153; and heard and considered the arguments of counsel for said appellant, said appellee and said guardian. At the request of counsel for said appellee and said guardian leave was granted them to file, on or before March 9, 1931, a memorandum brief, and counsel for the appellant was given until and including the 10th day of March, 1931, to file their reply brief thereto. Thereupon the court took said matter under advisement and after having read and considered the said briefs so filed by said counsel and being well and sufficiently advised in the premises,
"Now, on this 11th day of March, 1931, being one of the regular judicial day of the term of court, doth find and conclude: * * *
"Conclusions of Law.
"From the foregoing findings of fact, the court concludes as a matter of law;
"1. That this court has jurisdiction to and ought to determine, in advance of a trial de novo on questions of fact, the questions of law presented by the appeal of said appellant that said county court in said probate matter No. 2850 never acquired jurisdiction to hear said petition of John Freeman. Jr., and to enter therein its said order, judgment, or decree of July 20, 1928, and pursuant thereto issue said letters of guardianship. * * *
"6. That at the time of the entry of said order, judgment, or decree of July 20, 1928, and the issuance on the 21st day of July, 1928, of said letters of guardianship, said county court was wholly without Jurisdiction in personam of the appellant, Hanna Anderson.
"7. That by reason of the foregoing findings of fact, the said appellant, Hanna Anderson, has preserved, without prejudice, her right of this appeal, and at this time, to have determined said questions of law going to the jurisdiction in personam of her, the said Hanna Anderson, and that this court ought not to hear and determine the questions of fact involving the mental competency *Page 226 
of the said Hanna Anderson until such time as on appeal the judgment of this court in this regard be reversed by the Honorable Supreme Court of the state of Oklahoma, and remanded with directions so to do. Were this court, in the face of the foregoing findings and conclusions, to hold that at this time it had jurisdiction to try said questions of fact, such holding would be in direct conflict with the decisions of the Honorable Supreme Court of the state of Oklahoma that a minor or an incompetent cannot waive the issuance of valid process and the valid service thereof.
"8. If Hanna Anderson be in fact incompetent she was incapable by reason of her incompetency to consent to the jurisdiction of the court or to waive any of the steps necessary to confer jurisdiction upon the court; and jurisdiction of the court can only be supplied by a valid service of valid process."
The journal entry then contains an order adjudging and decreeing that the judgment of the county court adjudging the appellant a mentally incompetent person, and appointing the said Roodhouse as guardian of her person and estate, "be and the same is hereby vacated, set aside and held for naught;" and further adjudged and decreed that the appellant be discharged from obedience to the decree of the county court until new process shall be issued and served as required by law; and remanding the matter to the county court for further proceedings. Motion for new trial was filed by the appellees on March 13, 1931, and record saved for an appeal to this court. The appeal was filed herein on October 9, 1931, more than six months from the date of the order and judgment appealed from, but within six months from the date of the order overruling the motion for new trial. The defendant in error, Hannah Anderson, moves the court to dismiss the appeal for the reason that plaintiff in error failed to file the appeal within six months from the date of the rendition of the judgment or order appealed from and upon the grounds that the motion for new trial was unnecessary and did not extend the time within which to serve, settle, and file case-made in the trial court, nor extend the time within which to file the appeal in this court. In the response to the motion to dismiss the appeal, plaintiff in error admits that the only question to be determined is whether or not motion for new trial was necessary.
An examination of the record discloses that while the appeal from the county court was on both questions of law and fact, yet the question of jurisdiction of the county court to render the judgment appealed from was raised in the superior court, and from an inspection of the transcript of the record on appeal, the court passed upon the jurisdictional questions, and the findings of fact made by the court only go to the legal question involved. No trial was had and no testimony introduced on the issue of fact as to whether the said Hannah Anderson was mentally incompetent. This constitutes a hearing on a motion raising a jurisdictional question, and not a trial of a contested question of fact arising on the pleadings.
It has been repeatedly held that, where a case is determined otherwise than upon the issues presented by the pleadings, a motion for new trial is unnecesary, and if filed would not extend the time within which to serve, settle, and file case-made in the trial court, nor extend the time within which to file an appeal in the Supreme Court. Powell v. Nichols,26 Okla. 734, 110 P. 762; McDermott v. Halleck, 65 Kan. 403, 69 P. 335; Revard v. White, 139 Okla. 102, 281 P. 258; Barfield Petroleum Co. v. Pickering Lumber Co., 137 Okla. 151,278 P. 391; In re Butler Guardianship, 130 Okla. 241, 266 P. 1106; Ginn v. Knight, 106 Okla. 4, 232 P. 936; Fliedner v. Hinchee,157 Okla. 90, 11 P.2d 110. Proceedings on appeal to this court must necessarily be commenced within six months from the rendition of the order complained of and sought to be reviewed, and when not filed within the time allowed by law the appeal will be dismissed. Verschoyle v. McDaniels, 127 Okla. 166,260 P. 55; Barfield Petroleum Co. v. Pickering Lumber Co., supra.
The motion for new trial was unnecessary and the filing and order overruling same a nullity, and therefore did not operate to extend the time within which an appeal from the final order must be filed. The final order appealed from was made and entered on the 11th day of March, 1931, and the appeal was not filed in this court until the 9th day of October, 1931, and therefore not within the six months allowed by law within which to file an appeal.
This court is without jurisdiction to review the final order appealed from, and the appeal is dismissed.
Note: See under (1) 2 R. C. L. 108; R. C. L. Perm. Supp. p. 334. (2) annontation in 51 L. R. A. (N. S.) 760; 2 R. C. L. 104; C. L. Perm. Supp. p. 334. (2) annotation Pocket Part, title "Appeal," § 80. *Page 227