No. 33,505

THE FEDERAL LAND BANK OF WICHITA, *Appellant*, v. E. L. RICHARDSON et al., *Appellees*.

No. 33,506

THE FEDERAL LAND BANK OF WICHITA, *Appellant*, v. HUGH MARTIN et al., *Appellees*.

(73 P. 2d 1005)

Opinion filed December 11, 1937.

*S. S. Alexander, T. M. Flick,* both of Kingman, *W. E. Pepperell, J. P. Flinn* and *Donald I. Mitchell,* all of Wichita, for the appellant.

*R. Rowland Ritchie,* of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: These two cases are presented together because the legal questions involved are the same in each. They are actions to foreclose real-estate mortgages. Judgments and decrees of foreclosure were entered and the properties ordered sold. One case, No. 33,505, involved 480 acres of pasture land purchased by plaintiff at sheriff's sale for $10,000. The other case, No. 33,506, involved 320 acres of land, of which about 130 acres were in cultivation and the remainder in pasture. Plaintiff purchased this at sheriff's sale for $7,500. Motions to confirm the sales were made, and defendants moved the court to conduct hearings to determine the value of the land sold, as is authorized by G. S. 1935, 60-3463a. At the hearings on these motions, June 17, 1936, a number of witnesses were called, some by the plaintiff and some by the defendants, who testified as to the value of the respective tracts of land. The court found the value of the 480 acres to be $10,800, and, by adjusting an item of costs, as a condition to confirming the sale, permitted plaintiff to increase its bid to $10,809.40, leaving a deficiency of $911.77, on which plaintiff was ordered to apply stock issued to the mortgagor in connection with the loan in the sum of $500, leaving a net deficiency judgment of $411.77. In the other case the court found the reasonable value of the property to be $7,200, which was $300 less than plaintiff's bid, and gave a deficiency of $1,718.05, less a credit for stock issued to the mortgagor in connection with the loan of $350, leaving a net deficiency judgment of $1,368.05. Plaintiff accepted those conditions, and the respective sheriff's sales were confirmed. The fact that the conditions had been made and accepted by plaintiff was embodied in the journal entry of confirmation, and on July 2, 1936, plaintiff filed a partial release of deficiency judgment in each case, releasing $500 of the judgment in one case and $350 in the other.

On June 20, 1936, defendants filed in each case a motion for a

new trial of the hearing upon the motion to confirm the sale, embodying the grounds, or most of them, authorized by G. S. 1935, 60-3001. These motions were not presented to the court for hearing, or passed upon at the term of court within which they were filed, but were presented to the court at the succeeding term of court on October 10, 1936, and were sustained. The only evidence before the court at that time was two affidavits presented on behalf of defendants. On October 13, 1936, plaintiff filed motions for the reconsideration of the order of the court of October 10 on the ground that the order was an abuse of discretion by the court, and that the court did not have jurisdiction to grant such an order after the term of court at which the sale had been confirmed, and on other grounds. These motions were not heard by the court until another term of court, when they were presented and overruled on March 22, 1937. The appeals are from the orders of the court of October 10, 1936, and of March 22, 1937.

Appellant contends that a motion for a new trial under G. S. 1935, 60-3001, was not a proper method to reach a requested rehearing on the motions to confirm; that a motion for a new trial under this section is limited to issues of fact after a verdict by a jury, or a decision of the court or referee, upon the trial of issues raised by pleadings in an action, and that at most the motions filed June 20, 1936, by defendants were motions addressed to the sound discretion of the court, which had to be passed upon within the term at which they were filed. The point is well taken. Under G. S. 1935, 60-3001, a new trial is defined to be "a reëxamination in the same court of an issue of fact after a verdict by a jury, report of a referee or a decision by the court."

In *McDermott v. Halleck*, 65 Kan. 403, 69 Pac. 335, it was held:

"A new trial is a reëxamination of an issue of fact. An issue of fact arises upon the pleadings. The pleadings upon which an issue of fact can arise under the code are the petition, answer, and reply. Hence, the filing and determination of a motion for a new trial of a contested question of fact not arising upon the pleadings, but arising upon a motion, is unnecessary to authorize this court to review the order made upon such hearing." (Syl. ¶ 1.)

The opinion in that case points out clearly the distinction between a trial upon issues framed by pleadings and a hearing upon a motion. This case was cited with approval in *Kessler v. Frost*, 103 Kan. 711, 713, 175 Pac. 967. In Oklahoma, where our code of civil procedure was adopted, the same conclusion has been reached.

(*Powell et al. v. Nichols et al.*, 26 Okla. 734, 110 Pac. 762; *Owen v. District Court of Oklahoma County et al.*, 43 Okla. 442, 143 Pac. 17; *Chivers v. Board of Com'rs of Johnston County*, 62 Okla. 2, 161 Pac. 822; *In re Guardianship of Anderson*, 161 Okla. 224, 18 P. 2d 1073.)

See, also, to the same effect, 46 C. J. 59, and cases there cited.

Under these authorities the motion for a new trial authorized by G. S. 1935, 60-3001, pertains to a new trial of issues of fact raised by the pleadings in an action. The pleadings allowed in an action are defined by our code (G. S. 1935, 60-703), which also defines judgments (G. S. 1935, 60-3101) and orders (G. S. 1935, 60-3103). Our code also provides procedure to revise judgments (G. S. 1935, 60-3007), but defendants did not proceed under this section; indeed, it is difficult to see that it would be appropriate.

Appellees cite *Ogg v. Ogg*, 126 Kan. 310, syl. ¶ 3, 267 Pac. 977, as stating a contrary rule. This should be read in connection with the question presented by the record as disclosed by the opinion in that case. The action was one for divorce; the motion pertained to temporary alimony, which was open to consideration by the court under procedure pertaining to actions of that character (G. S. 1935, 60-1507), and the allowance of temporary alimony in question became a part of the final judgment of the court in the decision upon the merits; hence, what is said in the syllabus of that case is not in conflict with the doctrine above stated.

Independent of the code, it is well recognized in this state that a district court has jurisdiction of its judgments and orders during the term of court at which they are rendered, and in the exercise of its judicial discretion on motion of an interested party, or on its own motion, the court may set aside or modify the judgment or order. It is proper for a party to file a motion asking the court to set aside or to modify its ruling upon a motion made at the same term. Such a motion is addressed to the sound judicial discretion of the court. It is not a motion specifically provided for by the code. It may be filed at any time within the term of court at which the judgment was rendered or order made which is sought to be modified or set aside. The court has jurisdiction of such a motion and may rule upon it at any time within the term of court, but when the term of court ends the jurisdiction of the court respecting such a motion ceases. It has no authority thereafter to rule upon the motion. These propositions have become settled by former decisions of this

court. (See *Schubach v. Hammer*, 117 Kan. 615 617, 618, 232 Pac. 1041, and authorities there cited; also, *J. B. Colt Co. v. Clark*, 125 Kan. 722, 266 Pac. 41; *Thornton v. Van Horn*, 140 Kan. 568, 37 P. 2d 1015; *Drury v. Drury*, 141 Kan. 511, 41 P. 2d 1032.)

Under these authorities, which are applicable here, the trial court had no jurisdiction, power or authority on October 10, 1936, to consider and pass upon the motions filed by defendants June 20, 1936, at a previous term of court. Upon the same reasoning and authorities the court had no jurisdiction or authority on March 22, 1937, to pass upon the motions filed by plaintiff October 13, 1936, at a previous term of court, but the rulings of the court on these motions are not essential to the rights of plaintiff on this appeal.

Another point argued and relied upon by appellant need not be considered.

From what has been said it necessarily follows that the orders or judgments of the trial court of October 10, 1936, sustaining defendants' motions filed June 20, 1936, and those of March 22, 1937, overruling plaintiff's motions filed October 13, 1936, should be set aside with directions to the trial court to dismiss all those motions. It is so ordered.