## JAMES BOYD ET AL.
### v.
## FRATERNITY HALL ASSOCIATION.

1. LANDLORD AND TENANT—COVENANTS—HOW CONSTRUED.—Covenants against assignment or underletting are not favorably regarded by the courts, and are construed liberally in favor of the lessees, and so as to prevent the restriction from extending beyond the express stipulations.

2. LEASE JOINTLY TO TWO—COVENANT NOT TO SUBLET.—Where a lease is jointly to two, and by an arrangement between them, each occupies a several portion of the premises, such several uses can not justly be regarded as breaches of a covenant not to underlet.

3. TAKING PERSON INTO PARTNERSHIP.—When a tenant, without a license from the landlord, takes a third person into copartnership with him, and lets such person into joint possession of the premises, it is not a breach of a condition in the lease against subletting.

4. PARTNERSHIP TO AVOID FORFEITURE OF LEASE.—The fact that the desire of avoiding a forfeiture of the lease was instrumental in determining the parties to form a partnership rather than assume the relation of landlord and tenant was no fraud upon the rights of appellee.

APPEAL from the Circuit Court of Knox county; the Hon. J. J. GLENN, Judge, presiding. Opinion filed August 7, 1885.

Mr. S. F. MURPHY, for appellants; that covenants not to sublet are construed liberally in favor of the lessees, cited Taylor on Landlord and Tenant, § 403; Smith on Landlord and Tenant, 115.

The fact of taking a partner in the business did not work a forfeiture of the lease: 2 Platt on Leases, 260; Roosevelt v. Hopkins, 33 N. Y. 81; Hoffman v. Ins. Co., 32 N. Y. 405; Wood on Landlord and Tenant, 535; Taylor on Landlord and Tenant, § 405.

Messrs. WILLOUGHBY & DOUGHERTY, for appellees; cited Roe v. Sales, 1 M. & S. 297; Greenslade v. Tapscott, 1 C. M. & R. 55; 2 Platt on Leases, 263.

BAKER, J. On the 1st of September, 1882, one Esther E. Robinson leased to appellants the Commercial Hotel, in Galesburg, for a term of three years, and they were to pay therefor, as rent, the sum of $2,700, payable in monthly installments of $75 each. The lease contained a provision for the extension of the term, at the option of appellants, for a further period of two years. On the first of May, 1883, a supplemental agreement was made between the parties, whereby, in consideration of $100 per annum additional rent, the privilege of opening a saloon on the premises was granted. On the 28th of March, 1884, the Fraternity Hall Association, appellee, purchased the hotel property from said Robinson, and received from her a conveyance of the same. Thereupon appellants attorned to appellee, and paid the rents under the lease to the association.

From the first of May, 1883, to the first of May, 1884, James Boyd, one of the appellants, with the knowledge of his wife, Mary Boyd, the other appellant, carried on a saloon business in one of the rooms of the hotel building. The saloon was then closed for a short time, but on the 14th day of June following, James Boyd entered into a copartnership with one Dominick Morley, for the purpose of prosecuting a saloon business in said room. By the terms of the agreement, Morley was to furnish all the capital and give the business his personal attention, and it was to be conducted in his name; and James Boyd was to be a silent partner, and was to furnish the room, and aid in carrying on the business. Morley was to receive 80 per cent. of the profits and bear 80 per cent. of the losses, and James Boyd was to receive 20 per cent. of the profits, and bear 20 per cent. of the losses. In conformity with the provisions of this contract, Morley removed his saloon from Prairie street to the Commercial Hotel, and had his license transferred, so as to cover the business at the latter place. On the 26th of June the saloon at the hotel was reopened, under the new arrangement.

Boyd v. Fraternity Hall Association.

This suit was forcible detainer by appellee against appellants to recover the possession of the Commercial Hotel, it being claimed by appellee that, under the facts, and by virtue of the conditions of the lease, there was a forfeiture of all the rights of appellants in and to the premises.

The lease contains the following clause: "It is further agreed by the party of the second part, that neither they nor their legal representatives will underlet said premises or any part thereof, or assign this lease, without the written assent of the party of the first part first had thereto;" and the lease also makes provisions for a re-entry in case default be made in any of the covenants to be kept by the lessees.

Covenants against assignment or underletting are not favorably regarded by the courts, and are construed liberally in favor of the lessees, and so as to prevent the restriction from extending beyond the express stipulations. Wood's Landlord and Tenant, Sec. 324; Taylor's Landlord and Tenant, Secs. 402 and 403.

Forfeitures are not favored in law, and conditions are taken strictly, because they divest estates. The lease was to James Boyd and Mary Boyd, jointly. A saloon business was carried on in the room in question, by James Boyd, one of the lessees, for a year; and although he had exclusive possession during that time of the room, for the purpose of such business, yet we think it clear that such occupancy by him, with the knowledge and implied assent of his co-lessee, was no breach of the covenant against subletting. Where a lease is jointly to two, and by an arrangement between them each occupies a several portion of the premises, such several uses can not justly be regarded as breaches of a covenant not to underlet.

We also understand it to be the rule, that where a tenant, without license from the landlord, takes a third person into copartnership with him, and lets such person into joint possession of the premises, it is not a breach of a condition in the lease against subletting. Roe v. Sales, 1 Maule and Selwyn, 297; Roosevelt v. Hopkins, 33 N. Y. 81; Margrave v. King, 5 Ired. Eq. 430.

In the case before us, if the sole occupancy by James Boyd, of the saloon room, was not a breach of the covenant not to underlet, then it would seem to follow from the rule above stated and authorities cited, that the fact he afterward associated Morley with him in the possession of said room, and that they carried on therein a partnership business, was no such breach of said covenant as worked a forfeiture of the estate.

From the testimony we think it probable, that had it not been for the condition in the lease against subletting, appellants would have rented the room to Morley for a saloon. As their covenants precluded them from so doing, and it was desirable the room should not remain unoccupied, it was agreed between Morley and James Boyd that they would form a partnership for the purpose of transacting business therein. This, we think, they had a legal right to do. The fact that the desire of avoiding a forfeiture of the lease was instrumental in determining the parties to form a partnership, rather than assume the relation of landlord and tenant, was no fraud upon the rights of appellee.

We are of opinion the law of the case is with appellants, and that under the evidence the finding and judgment of the court should have been in favor of appellants and against appellee.

The judgment is reversed and the cause remanded.

Reversed and remanded.