Medinah Temple Co. v. Currey.

## Medinah Temple Company v. Arthur L. Currey, Assignee of the Charles F. Halbe Baking Company, Insolvent.

1. LEASE—*Covenant Not to Assign—Breaches.*—An assignment by mere operation of law, as a sale upon execution, is not a breach of a covenant in a lease not to assign.

2. VOLUNTARY ASSIGNMENTS— *Not a Breach of a Covenant Not to*

*Assign, etc.*—A voluntary assignment, under the statute, for the benefit of creditors, by a lessee, is not a breach of a covenant in his lease not to assign the same.

3. COVENANTS—*To be Strictly Construed.*—A covenant in a lease not to assign the same, is to be strictly construed.

**Voluntary Assignment.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

M. B. & F. S. LOOMIS, attorneys for appellant.

ELA, GROVER & GRAVES, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The principal question presented in the record of this case is whether, under the statute of this State concerning assignments for the benefit of creditors, the making by a debtor of a voluntary assignment for the benefit of creditors is a violation of any of the covenants of a lease wherein the lessor agreed " not to assign such lease, let or sublet the premises described therein, or any part thereof, without the written consent of the lessor."

It is well settled that an assignment by mere operation of law, as a sale upon execution, is not a breach of such covenant. A distinction has sometimes been drawn between assignments by operation of law, which are involuntary, *in invitum*, and those which it is said are voluntary, as between the assignments under voluntary and involuntary bankruptcies.

The distinction is more apparent than real.

If, as a result of business complications, one is unable to longer meet his obligations, and is in the situation that he must either voluntarily surrender his property to a trustee for the benefit of his creditors, or suffer them to force such surrender, the assignment is as truly compulsory in one case as in the other.

The volunteering on the part of the debtor is merely in

taking the initial step toward a situation which is inevitable. It is the result, viz., the assignment, which forfeits the lease if it be forfeited at all; the assignment being a thing that must be, it is immaterial by whose immediate action it is brought about.

Undoubtedly, if a lessee confess judgment, or make an assignment, for the express purpose of avoiding the covenants of a lease, such action is fraudulent, and the fraud will defeat the actor.    Hutchinson v. Carter, 8 Term Rep. 300.

While it is true that the statute of this State does not in terms provide for involuntary assignments, yet a debtor who makes an assignment, being presented with the alternative of seeing his property seized upon execution or of assigning it to an assignee for the benefit of all creditors, is in a situation in which the assignment he voluntarily makes under the statute, is really one by operation of law; that is, the lease is about to be, by force of circumstances beyond his control, transferred by operation of law; his part is merely to designate whether such transfer shall be, under the statute, for the benefit of all creditors, or through judgment and execution for the benefit of one.    Barth v. Backus, 140 N. Y. 230; Upton v. Hubbard, 28 Conn. 274.

If the assignment to the husband by operation of law, of leases owned by the maid before marriage, is an assignment by operation of law, marriage being a contract voluntarily entered into, how much more is an assignment to which one is by the law driven.    Woodfall's Landlord and Tenant, 66; Anon. Moore, 21.

The decision of the question here presented, depends upon whether the covenant in the lease against assigning, is to be strictly or liberally construed as respects the landlord.

It is well settled that such a covenant is to be strictly construed.    Taylor's Landlord and Tenant, Secs. 403 and 408; Wood on Landlord and Tenant, Sec. 324; Woodfall on Landlord and Tenant, page 661; Boyd v. Fraternity Ass'n, 16 Ill. App. 574.

The judgment of the County Court denying the petition of appellant, is affirmed.