### In re BUSH.

(District Court, D. Rhode Island. January 4, 1904.)

No. 395.

**1. LEASES—ASSIGNMENT—COVENANTS—BREACH—BANKRUPTCY.**
Where a lessee made a general assignment for the benefit of his creditors, which was invalidated by bankruptcy proceedings commenced against him within four months thereafter, such assignment did not constitute a breach of a covenant in the lease prohibiting its assignment without the lessor's consent.

**2. SAME—CONSTRUCTION OF COVENANT.**
A covenant in a lease prohibiting the lessee's assignment thereof without the lessor's written consent, is not equivalent to a provision that the lease shall be void in case of the lessee's bankruptcy.

**3. SAME—APPLICATION OF COVENANT.**
A covenant in a lease prohibiting its assignment without the lessor's consent, is not applicable to assignee's taking under an assignment by operation of law, or to their immediate vendees.

In Bankruptcy.

Henry C. Cram, for petitioning creditors.
Adoniram J. Cushing, for lessor.

BROWN, District Judge. This is a petition for a preliminary injunction to restrain an action of trespass and ejectment. The lease of James J. Newman to William M. Bush is for a term of 10 years from January 1, 1899. The lease provides that:

"In case of failure to perform all the covenants and agreements contained in this lease on the part of the said lessee to be kept and performed, the said lessor shall be at liberty to declare this lease at an end, and enter upon and take immediate possession of the premises."

The lessee covenants "that he will not assign the lease * * * without the consent in writing of the said lessor, his heirs and assigns." December 8, 1903, Bush executed a general assignment for the benefit of creditors. December 15th, Newman, the lessor, notified Bush in writing, in the following terms:

"Please take notice that the lease of the premises Nos. 18 to 28 inclusive on Aborn street in this city, and known as 'The Newman,' has been forfeited by you by reason of your breach of the covenant therein not to assign the same without my permission in writing. Also please take notice that I hereby declare said lease at an end, and terminated, and that I demand surrender of possession of said premises immediately."

Possession not being delivered pursuant to the demand, the lessor on the same day, December 15th, commenced an action of trespass and ejectment in a state court.

The only question which has been submitted is whether the lease is an asset of the bankrupt's estate; counsel for the lessor waiving all other questions, and admitting that an injunction should issue in case it should be found that the lease is an asset of the bankrupt's estate. It appears that a forfeiture was claimed solely for the reason that there was a breach of the covenant not to assign. It is contended that the general assignment, not being assented to by Newman, constitutes a breach of the covenant. In Randolph v. Scruggs, 190 U. S.

536, 23 Sup. Ct. 712, 47 L. Ed. 1165, the rule was stated that a general assignment made within four months of the filing of a petition in bankruptcy is void as against the trustee so far as it interferes with his administering the property assigned. It was argued that the trustee in bankruptcy simply succeeds the privately chosen assignee in the administration of the trust under the deed. The court said:

"If by declaring the assignment an act of bankruptcy, the statute means that the conveyance shall not be effectual against the bankruptcy proceedings, as is agreed, the natural and simple construction is that it means that the deed shall be avoided as a whole when the trustee takes the goods."

If it is the right of the trustee, despite the assignment, to reduce to possession and administer the assets; if no rights can arise under such assignment except to purchasers in good faith and for a present fair consideration—the main proposition of the lessor, to wit, that Bush did in fact assign without the consent in writing of the lessor, is unsound, unless, indeed, we look to the mere fact of the execution of an instrument purporting to be an assignment instead of to the substantial character of what was actually accomplished. So far from constituting an effective assignment of the lease, the general assignment was an act of bankruptcy by virtue of which immediate rights accrued to the creditors to have the bankrupt's assets preserved and administered in a bankruptcy court.

Counsel for the lessor concedes that, where an involuntary bankrupt is tenant under a lease containing a covenant against assignment, an adjudication in bankruptcy is not a breach, and that the lease passes to the trustee. He makes the distinction that the transfer is effected by operation of law, and not by the voluntary act of the bankrupt. But the title to this lease which the creditors seek to preserve is not a title arising under the voluntary act of the bankrupt—that is, the general assignment—but a title which, by operation of law, vests in the trustee despite the general assignment. To constitute a breach of covenant not to assign, a valid assignment carrying the legal estate is required. If the assignment is void as an act of bankruptcy, it will not constitute a breach. Doe v. Powell, 5 B. & C. 308, 11 E. C. L. 241; 18 Am. & Eng. Enc. of Law (2d Ed.) 660, 661; Collier on Bankruptcy (4th Ed.) 513; Brandenburg on Bankruptcy (3d Ed.) § 1171. The clause in question is not the equivalent of an express provision declaring the lease void in case of bankruptcy, and it is not applicable to assigns by operation of law, or to their immediate vendees. Doe v. Bevan, 3 M. & S. 353.

A draft decree for an injunction may be presented accordingly.