WILLIAM FRANKLIN GLENN et al., Plaintiffs, Appellees, v. WILLA-
METTA ANN GROSS et al., Defendants, Appellees; WILLA-
METTA ANN GROSS, Intervener, Cross-petitioner,
Appellant; J. M. GROSS, Defendant,
Appellant.

No. 45350.

OCTOBER 15, 1940.

REHEARING DENIED FEBRUARY 21, 1941.

R. R. Nesbitt, for J. M. Gross, defendant, and Willametta Ann Gross, defendant and cross-petitioner, appellants.

Bradshaw, Fowler, Proctor & Fairgrave, for Central Loan & Investment Company, defendants, appellees.

C. B. Stull, for R. A. Weston, defendant, appellee.

L. V. Russell, per se, defendant, appellee.

R. K. Craft, for D. W. Bates, Receiver, W. E. Wright, S. E. Wright, and John T. Stark, Administrator, defendants, appellees.

Judson E. Piper, for James Roy Glenn, C. C. Putnam, Judson E. Piper, and Charlotte E. Van Liew, defendants, appellees.

Emmert, James & Lindgren, for Arminda Gross Bates, Alvin Bates, S. A. Sheary, George Covey, Hazen Covey, and Harvey Covey, defendants, appellees.

Robert E. Frush, for Robert Mishler, Charles A. Glenn, Mrs. Charles Lenora Glenn, T. A. Glenn, and Mrs. Lenora Glenn, defendants, appellees.

Gordan B. Russell, for Burton Russell, Gordan B. Russell, and John Glenn, defendants, appellees.

Tolbert C. Moore, for Iowa Roofing Company, defendants, appellees.

Charles W. Clark, for Buckman & Bales, defendants, appellees.

John Regan, for DeFord Brothers, D. H. Van Fossen, and N. P. Black, Guardian, defendants, appellees.

Curtis W. Gregory, for Bert Ray Glenn, William Franklin

Glenn, and Rose L. Glenn; William Franklin Glenn and Bert Ray Glenn, Administrators, plaintiffs, appellees.

MITCHELL, J.—Under date of February 27, 1906, P. F. Glenn and his wife Malinda Jane Glenn, then the owners of the property involved in this action, executed and delivered a warranty deed conveying said property to their ten children, Willametta Ann Gross, Nellie E. Evans, Rosetta Gross, William Franklin Glenn, John Henry Glenn, Thomas Arthur Glenn, James Roy Glenn, George Harrison Glenn, Pearl Craig Glenn and Bert Ray Glenn, subject to certain provisions and limitations as follows:

"This deed is made subject to a mortgage of fifty-two hundred dollars ($5,200.00) to the Equitable Life Insurance Company of Iowa, and the grantors reserve the right to extend or renew said mortgage as often as they may desire, or to remortgage said land to raise money to pay said mortgage if the mortgagee should refuse to extend the same. After the death of both the grantors herein, the grantees herein agree to assume and pay said mortgage (if not paid).

"This deed is made with the following express understanding and reservations:

"First. If any of grantees herein shall sell or shall convey, directly or indirectly, his, her, or their interest in the land herein conveyed before the death of both of the grantors herein, then and in that case the interests herein conveyed to him, her, or them so selling or conveying before the death of the grantors herein shall be and become the property of the grantors' other children not so selling or conveying in violation of the stipulations herein, and this deed shall be null and void in so far as the conveyance to him, her or they shall be sold or conveyed before the death of the grantors as above stated.

"Second. The grantors herein reserve the use, control, and possession of and the net income from said land both from the surface thereof and from the coal or other mineral rights and the right to lease said land and make coal or mineral leases for all or any part of said land; the intention of the grantors being to use and control said land as fully as if this deed had

not been made; the reservations herein to cease at the death of both grantors herein.

"Third. The grantees herein shall pay to Cora Jane Poulsen and Charles Lewis Glenn the sum of eight hundred dollars ($800.00) each, total sixteen hundred dollars ($1600.00) after the death of both grantors herein, and before the title herein shall vest fully in the grantees. And if grantees fail or refuse to pay same, the land herein conveyed shall be liable therefor, and this deed hereby creates a lien at the death of both grantors herein against said land for the sum of $1,600.00, and said Cora Jane Poulsen and Charles Lewis Glenn or either of them or their heirs may proceed to collect the same, and in that event an action in equity may be begun to foreclose said lien, which shall be treated as a mortgage on said land, and foreclosed as a real estate mortgage."

The grantor P. F. Glenn died January 1, 1917. Malinda Jane Glenn, the remaining grantor, died August 10, 1938.

In 1917, John Henry Glenn gave a warranty deed to the property to Charlotte Van Liew. In 1918, she quitclaimed back to him and he gave her a mortgage. In 1917, Pearl Craig Glenn mortgaged his interest to Marion D. Woods. The trial court held that these mortgages automatically divested these two grantees of any interest in the property and vested their interest in the remaining eight grantees.

In 1917, said John Henry Glenn and Pearl Craig Glenn brought an action in Dallas county district court seeking to quiet title in themselves to a one-tenth interest each in said property, subject only to the life estate of Malinda Jane Glenn and the $1,600 charge created by the deed. The purpose of this action was to have the restrictions upon the power to convey found in the deed declared invalid and unenforcible. A demurrer to this petition was sustained by the court. On appeal to this court, there was an affirmance. Glenn v. Gross, 185 Iowa 546, 170 N. W. 783.

The present appeal is concerned solely with the share of Willametta Ann Gross in said real estate, as augmented by the divesting of the shares of John Henry Glenn and Pearl Craig Glenn.

On January 10, 1923, the Central Trust Company recovered judgment in the Polk county district court against Willametta Ann Gross and J. M. Gross in the sum of $16,675, with interest, costs and attorney fees. This judgment was based upon a certain $15,000 note, secured by a mortgage on some 641 acres of land in Marion county, Iowa. Thereafter, this mortgage was foreclosed upon the Marion county land in Marion county district court, and a credit entered in the amount of $7,192.15 upon the judgment in Polk county. On March 16, 1926, this judgment was transcripted to Dallas county. Thereafter an execution on said judgment issued from the Polk county district court to the sheriff of Dallas county, who levied upon all the right, title and interest of Willametta Ann Gross and J. M. Gross in the property in controversy and sold the same on September 16, 1926. Meanwhile, L. A. Andrew, superintendent of banking of the state of Iowa, had been appointed receiver of the Central Trust Company, and on October 14, 1927, the then acting sheriff of Dallas county executed a sheriff's deed to said property to said receiver. It was stipulated that the Central Loan and Investment Company had succeeded to all the rights of the Central Trust Company and the receiver thereof in and to said property.

After the death of the surviving grantor, Malinda Jane Glenn, in 1938, this action was brought to partition and quiet title to the real estate covered by the deed. The parties include the surviving grantees, their successors in interest, and all other known claimants to said property, including Willametta Ann Gross, J. M. Gross and the Central Loan and Investment Company. From the ruling of the trial court, it may be seen that there were numerous controversies among the parties as to their respective claims against the property. There has been no appeal from the court's disposition of these claims, except this appeal by Willametta Ann Gross and J. M. Gross.

Willametta Ann Gross filed a cross-petition against the Central Loan and Investment Company asking to have the sheriff's deed under which it claims declared null and void on the ground that she had no interest which was sub-

ject to levy and sale at the time of the execution sale. On the main case, the trial court found the Central Loan and Investment Company to be the owner of an undivided one-eighth interest in said property, subject to the matters raised by the cross-petition. After hearing on the cross-petition, the court found for the cross-defendant, and dismissed the cross-petition.

This is, therefore, a controversy between Willametta Ann Gross and the Central Loan and Investment Company as to which of them is entitled to the share of this property originally belonging to Willametta Ann Gross.

Willametta Ann Gross and J. M. Gross have appealed.

█ We are first confronted with the very troublesome question of whether the interest of the grantees in the P. F. Glenn deed was a vested interest or a contingent remainder. Somewhere in the cases the writer of this opinion once read:

"That no definitions ever have been or ever will be given which will relieve all cases from doubt, as to whether it is a vested interest or a contingent remainder."

No good could possibly be accomplished by again reviewing the cases, this has recently been done by Justice Hamilton in Skelton v. Cross, 222 Iowa 262, 268 N. W. 499; Justice Oliver in Smith v. Harris, 227 Iowa 127, 287 N. W. 255; Justice Stiger in Blair v. Kenaston, 223 Iowa 620, 273 N. W. 184.

In the recent case of Flanagan v. Spalti, 225 Iowa 1231, 1235, 282 N. W. 347, 349, this court lays down the following rule:

" 'Generally speaking, when there is a person in being who would have an immediate right to the possession of the lands, should the life tenancy now terminate, such person has a vested remainder. If, however, something more than the duration of the life tenancy stands between the remainderman and the right to immediate possession—if there be some unperformed or unfulfilled contingency which would prevent his taking possession, were the life tenancy now to terminate—then his remainder is contingent.' "

With this rule in mind, let us look at the facts in the case at bar. Willametta Ann Gross had an immediate right to pos-

session upon the termination of the life estates. The divesting condition is by its terms limited to the period during which the life estates in the grantors continue to exist. No contingency or condition stood between her and the taking of such possession other than the life estates. But if a certain specified event occurred before that time, namely, if she sold and conveyed her interest, then the interest which had been conveyed to her would terminate. The limitations or reservations in the deed create only an uncertainty as to whether the remainder will ever take effect in possession, depending upon the grantee doing or not doing the things covered by the limitations.

A contingent remainder is one which cannot vest until a condition precedent has been complied with. Perhaps the identity of the persons who are to take the interest in remainder cannot be ascertained until some future time. Perhaps some specified act like survivorship to the end of the life tenancy is a condition precedent to the vesting of an interest. What condition unfulfilled stood between Willametta Ann Gross and the vesting of her interest during the life estate? None. There was no act or event that had to occur before she took an interest under the deed to her. The condition was that she could defeat her interest, divest herself of it, if she should sell or convey it during the lifetime of the grantors. She did not do this, and the instant the life estates terminated, without more ado, she or her heirs were entitled to possession of the land in question.

▮ Appellants argue that the case of Glenn v. Gross, 185 Iowa 546, 170 N. W. 783, decided by this court was an adjudication of the issue involved in the case at bar.

The original action entitled Glenn v. Gross was brought by John H. Glenn and Pearl C. Glenn, two of the grantees in the deed, against all other persons having an interest in said land under the deed, including Willametta Ann Gross. The plaintiffs, after setting forth the deed, alleged in substance that they received a vested interest thereunder, subject only to the life estate of Malinda Jane Glenn and to the $1,600 charge created by the deed; that they were desirous of selling and conveying their interest; and that the defendants were making a claim adverse to the interest of plaintiffs, to wit, that under said deed if plaintiffs sold and conveyed their interest, such interest would

cease and become the property of the grantees not selling or conveying in violation of the conditions of the deed. Plaintiffs prayed that their interest in the property be established against the adverse claims of the defendants, except the life estate, that they be authorized to sell and convey their interest, and that they have further equitable relief.

The defendants demurred to the petition upon two grounds: First, that plaintiffs were not entitled to the relief demanded; second, that the limitations of the deed showed that plaintiffs were not entitled to sell or convey their interest during the lifetime of Malinda Jane Glenn. The trial court sustained the demurrer on both grounds, and, plaintiffs refusing to plead over, entered judgment for defendants.

In Glenn v. Gross, neither in the pleadings or ruling in the court below, nor in the opinion of this court on appeal was there an issue made of whether the interests of the grantees in the deed were vested or contingent, and necessarily there was no decision on this question. The sole question was that the plaintiffs wanted to be rid of the restrictions on their power to alienate, so they could sell the property.

Necessarily, it cannot be considered as an adjudication of the issue in the case at bar.

██ It is next contended that the trial court erred in holding that the interest of Willametta Ann Gross could be sold on execution, when the instrument creating her interest provided she herself would forfeit such interest if she did sell or convey before the death of both grantors; that the creditor can claim or take no more than the debtor had.

Very able arguments have been presented on both sides of this case, but neither have furnished us with direct authority upon the proposition raised, and an investigation of the law convinces us that it is scarce. A number of authorities exist on the proposition that property may be taken on execution despite the fact that there is a restriction on the power to alienate the same. Thus in the case of Henderson v. Harness, 176 Ill. 302, 52 N. E. 68, testator devised a life estate to his son, with the provision that if the son should sell or in any way encumber the same, such life estate should terminate. A judgment creditor levied upon the son's interest in the property, and sold the

same on execution. The court held that the execution sale did not violate the condition and upheld the sale in question, saying [176 Ill. 302, 309, 52 N. E. 68, 70]:

"There is a broad distinction between alienation by the voluntary act of the owner of an interest in land and the involuntary assignment made by compulsion of law. (Medinah Temple Co. v. Currey, 162 Ill. 441. [44 N. E. 839].) The clause of the will by which appellee, during his lifetime, was not tó permit such real estate to be sold for taxes or to sell or in any way encumber the same, and providing that if he did his estate therein was terminated, and the heirs of his body, in whom the title was vested as remainder-men, might take possession, use and possess the same as if the life estate had not been given, did not effect a restriction on the power of involuntary alienation, except to the extent of allowing the remainder-men to declare a forfeiture for the voluntary alienation. The limitation made by the devise as a restriction on the power of alienation is to be construed in the same manner as a condition in a lease against assignment, and it is well settled that an assignment by operation of law is not a breach of such a condition. (4 Kent's Comm. 124.) The seizure of property under judicial process would not work a forfeiture, neither would a judgment or other encumbrance in invitum violate a covenant against encumbrance or a covenant not to encumber."

In the case of Powell v. Nichols, 26 Okla. 734, 736, 110 P. 762, 763, 29 L. R. A., N. S., 886, the Oklahoma court said:

"By the weight of authority, covenants in leases against assignment or subletting, were intended by the parties to apply only to the voluntary acts of the tenant, the lease is not forfeited by any transfer made by operation of law, including sales under execution. A holding otherwise would in effect permit the creation of valuable interests in lessees which may be held by them in defiance of creditors. Medinah Temple Co. v. Currey, Assignee, 58 Ill. App. 433; Smith v. Putnam et al., 3 Pick. (Mass.) 221; Riggs et al. v. Pursell et al., 66 N. Y. (21 Sickels) 193; Jackson ex dem. Stevens et al. v Silvernail, 15 Johnson (N. Y.) 278; In re Bush, 126 F. 878; Farnum v. Hefner, 79 Cal. 575 [12 Am. St. Rep. 174, 21 P. 955]; 24 Cyc.

p. 970 and authorities cited in footnote; 1 Freeman on Executions (3rd Ed.) sec. 119. It does not affirmatively appear from this lease that the restriction was to apply other than to voluntary acts of the lessee.''

In the case of McDonald v. Farley, 226 Iowa 53, 57, 283 N. W. 261, 263, this court said:

''The general rule is that a covenant against the assignment of a lease without the owner's consent applies to voluntary assignments and does not include transfers or assignments by operation of law.''

Thus in the case at bar, the covenant not to sell or convey the land is not broken where the sale is by operation of law, to hold otherwise would in effect permit the creation of valuable interests in real estate in the debtor which could be held in defiance of creditors. The restrictions and limitations in the deed to Willametta Ann Gross did not prevent her judgment creditors from levying on and selling her interest in the property. Some other questions are argued all of which have been carefully considered. Finding no error it necessarily follows that the judgment and decree of the trial court must be and it is affirmed.—Affirmed.

HAMILTON, STIGER, MILLER, and HALE, JJ., concur.

RICHARDS, C. J., dissents.