TOLEDO SOC. FOR CRIPPLED CHILDREN et al. v. HICKOK et al.

No. 2956.

Court of Civil Appeals of Texas. Eastland.

Oct. 24, 1952.

Rehearing Denied Nov. 14, 1952.

Turner & Seaberry, Eastland, Marshall, Melhorn, Wall & Bloch, Levison & Levison, Williams, Eversman & Morgan, Effler, Eastman, Stichter & Smith, Richard D. Logan, Spengler, Nathanson, Hebenstreit & Heyman, Toledo, Ohio, for appellants.

Kirkbride, Cole, Frease & Mittendorf, Toledo, Ohio, Vinson, Elkins, Weems & Francis, Houston, Welles, Kelsey, Fuller, Cobourn & Harrington, Toledo, Ohio, Scarborough, Yates, Scarborough & Black, Abilene, White & Wright, Cisco, McMahon, Springer, Smart & Walter, Abilene, for appellees.

LONG, Justice.

Arthur S. Hickok, a resident of Toledo, Ohio, died on June 30, 1945, leaving his widow, Daisy S. Hickok, and two children, Ruth H. Marvin and Clarence H. Hickok. On February 10, 1945, Arthur S. Hickok executed a will and, after minor bequests, gave the residue of his estate, which included his interest in the partnership of Hickok & Reynolds and his Texas real estate, to trustees to be held in trust for a period of twenty years, the income therefrom during the period to be paid to his widow, his son, his daughter and certain employees of corporations in which he was interested. The provision for income to be paid his widow is not material for the reason that she elected not to take under the will and, under the laws of Ohio, received one-third of her husband's estate. Under the terms of the will, the trustees were given full powers to sell, and otherwise manage, the assets of the estate. At the end of twenty years the trustees were directed to divide the assets remaining in their hands into five funds and to distribute these funds to twenty charities, all of which are parties to this suit.

The testator instructed the executors to convey his interest in the partnership of Hickok & Reynolds to Hickok & Reynolds, Incorporated, in exchange for shares of stock in the corporation in accordance with an agreement between Hickok and his partner, J. H. Reynolds, theretofore entered into. After the death of the testator, his executors, acting under the directions in the will and carrying out the agreement the testator had with his partner, conveyed all the testator's interest in the partnership of Hickok and Reynolds to Hickok and Reynolds, Inc., in exchange for stock therein.

In an action in the probate court of Lucas County, Ohio, for construction of the will, the question of the rights of the charities was raised and after a hearing, the court held that the provision of the will devising to the charities the estate remaining at the end of twenty years was invalid and of no effect by reason of Section 10504-5, General Code of the State of Ohio, said section being as follows:

"If a testator dies leaving issue of his body, or an adopted child, living, or the lineal descendants of either, and the will of such testator gives, devises or bequeaths the estate of such testator, or any part thereof, to a benevolent, religious, educational or charitable purpose, or to this state or to any other state or country, or to a county, city, village or other corporation, or association in this or any other state or country, or to a person in trust for such purposes, or municipalities, corporations or associations, whether such trust appears on the face of the instrument making such gift, devise or bequest or not; such will as to such gift, devise or bequest, shall be invalid unless it was executed according to law, at least one year prior to the death of the testator."

Arthur S. Hickok died within one year after the execution of his will. The probate court held that by reason of the above law the charities had no right or interest in the assets of his estate. The charities appealed, and the Supreme Court of Ohio affirmed this judgment in Kirkbride v. Hickok, 155 Ohio St. 293, 98 N.E.2d 815.

The charities thereafter instituted this suit in the District Court of Eastland County, alleging that the will of Arthur S.

Hickok gave them a vested remainder in his real estate located in Texas, including that of the partnership of Hickok & Reynolds, and that the conveyance by the executors of decedent's interest in the partnership resulted in the taking by Hickok & Reynolds, Inc., of the property in trust for the charities. They also sought a construction of the will and to establish their remainder interest in decedent's real estate in Texas and to quiet title thereto. The suit for an accounting was severed and not determined herein. The trial court sustained motions for summary judgment and held that there was an absence of any genuine issue of fact. The court found that the partnership agreement of Hickok and Reynolds and the will effected an equitable conversion of all decedent's interest in the partnership assets into personal property and, therefore, subject to the exclusive jurisdiction of the courts of Ohio. It further adjudged that the charities take no part of the partnership property or of the shares of Hickok & Reynolds, Inc. The court found that the charities had a vested remainder in three described parcels of Texas real estate owned by Arthur S. Hickok individually, subject to the rights of the trustees during twenty years after decedent's death and that Mrs. Hickok had no community interest therein. From this judgment the charities and the Hickoks have appealed.

█ It is the contention of the Hickoks that the trial court erred in holding that the will of Arthur S. Hickok gave the charities a vested remainder in the real estate situated in Texas owned individually by Hickok. We believe this contention must be sustained.

"A remainder is vested where there is a person in being who would have an immediate right to the possession upon the termination of the intermediate estate. It is an immediate right of present enjoyment, or a present right of future enjoyment, a fixed interest, with only the right of possession postponed until the ending of a particular estate." Caples v. Ward, 107 Tex. 341, 179 S.W. 856, 857 (Sup.Ct.).

Under the will of Arthur S. Hickok, the trustees had the absolute control and management of all of the estate for a period of twenty years after the death of testator. At the expiration of twenty years, the trustees were directed to divide the residue of the estate into five funds. The will provided that Fund No. 1 should amount to forty percent thereof; Fund No. 2 should amount to twenty-five percent thereof; Fund No. 3 should amount to twenty percent thereof; Fund No. 4 should amount to ten percent thereof and Fund No. 5 should amount to five percent thereof. The trustees were directed to distribute Fund No. 1 to the Toledo Society for Crippled Children and three other charitable institutions, share and share alike. Fund No. 2 was to be distributed to the Toledo Chapter American Red Cross and three other charitable institutions, share and share alike. Fund No. 3 was to be distributed to Little Sisters of the Poor and three other charitable institutions, share and share alike. Fund No. 4 was directed to be distributed to Arthur S. Hickok Memorial Hospital, Geneva, Ohio, and three other charitable institutions, share and share alike, and Fund No. 5 was to be distributed to Old Folk's Home of Toledo, Ohio, and three other charitable institutions, share and share alike. The will of Arthur S. Hickok contained the following provision:

"The term 'charitable institution' shall include churches, schools and school boards, funds, chests, as well as any other institution reorganized as a charitable institution under the Federal estate or other tax laws. No institution, however, although it is named herein, shall share in said funds, if the same has been dissolved, wound up or discontinued, nor unless at the time of distribution it is authorized to accept and take a devise, bequest or gifts under this will without creating liability upon my executors or trustees for any estate or inheritance tax. Should any named institution be not authorized to accept or take any such devise, bequest, or gift under this will without creating any such tax liability but a board, or trustees of such institution may so ac-

cept and take, without creating any such liability, the said board or trustee shall be the beneficiary hereunder."

We have concluded that these charities had no vested remainder in any of the real estate located in Texas. The test of a vested remainder requires the existence of a certain person or organization having a present right of future enjoyment of a fixed interest, with only the right of possession postponed until the end of a particular estate. Where the person who is to take the property can be definitely determined and no limitation or condition is imposed upon his right of possession, except the expiration of the intervening estate, then a vested interest in the remainder exists. Medlin v. Medlin, Tex.Civ.App., 203 S.W.2d 635; Caples v. Ward, 107 Tex. 341, 179 S.W. 856; Mitchell v. Edds, Tex. Civ.App., 181 S.W.2d 323, Id., 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470.

■■ Under the terms of the will, the charities had no interest in any specific portion of the estate. There is no way of determining which of the charities would be entitled to the possession of the real estate located in Texas upon termination of a prior estate. The trustees were given the right to divide the estate in kind. They had the power under the will to sell any or all of the real estate or other property belonging to the estate and to divide the assets remaining at the end of twenty years into five funds and then to distribute these funds to the various charities. In other words, it was within the discretion of the trustees as to what particular property of the estate would be placed in any particular fund. Therefore, it will readily be seen that at this time it cannot be determined which of the parties would be entitled to possession of the Texas real estate at the end of twenty years. We believe that under the terms of the will, the rights of the charities in the Texas land is contingent and not vested. The rule seems to be that when there is a person in being who would have immediate right to the possession of the lands, should the intervening estate terminate, such person has a vested remainder, but, if something more than the duration of the intervening estate should come between the remainderman and the right to immediate possession, that is to say, if there is some unperformed or unfullfilled contingencies, which would prevent his taking possession were the intervening estate to terminate, that the remainder is contingent. Under the will the charities have no right to immediate possession of the land at the end of the intervening estate. They might not get land or its proceeds. There is something to be performed before any of the charities can ever obtain possession of the land, that is, such land would have to be placed in the fund by the trustees and set aside to such charity.

The charities among which distribution was to be made were to be determined at the end of twenty years after the death of testator. An institution to take under the will must not have been dissolved, wound up or discontinued and must meet the requirements of the will with reference to taxes. It is our construction of the will that it was not the intention of the testator to vest in the charities a present interest in the estate. There is a clause in the will to the effect that if any person, heir, devisee, legatee or beneficiary named therein shall by procedure in court or otherwise make any effort or attempt to break, change or set aside the will or any part thereof, such person or persons shall be barred from any right, title or interest to any devise, bequest or gift thereunder. There is the further provision that any bequest under the will or under the trust created shall not be subject to pledge, assignment, sale or transfer nor shall any person have power in any manner to alienate, dispose of, assign, charge or encumber his interest, either income or principal therein. It is further provided that if any person should attempt to sell or otherwise dispose of his interest in the estate that his interest therein shall cease and terminate. When these provisions are construed in connection with the other portions of the will heretofore discussed, it is plain to our minds that the testator did not intend to vest in the charities a present interest in the remainder. The provisions in the will made their interest therein contingent and not vested. Glenn v. Gross, 229 Iowa 146, 294 N.W. 297; 31 C.J.S., Estates, § 69, p.

88; Hunt v. Carroll, Tex.Civ.App., 157 S.W.2d 429; Thornton v. Zea, 22 Tex.Civ. App. 509, 55 S.W. 798 (Writ Ref.); Page on Wills, Second Edition, Vol. 2, Section 1118, 1119; In re Handy's Estate, 182 Pa. 68, 37 A. 854; 36 Tex.Jur. 877; Black's Law Dictionary, page 1456, 1457.

What has been said applied with equal force to the real estate and assets of the partnership of Hickok & Reynolds. Although placed upon a different theory, the trial court correctly held that the charities had no vested remainder in any of said property. The trial court was in error in holding that the charities had a vested remainder in the real estate situated in Texas owned individually by Arthur S. Hickok. The trial court correctly held that Mrs. Hickok had no community interest in the real estate located in Texas. Arthur S. Hickok and wife were residents of Ohio and never at any time resided in Texas. It was stipulated that the properties involved were acquired in the name of Mr. Hickok. It was further stipulated that the community property law has never existed in the State of Ohio. Under the facts the real estate purchased in Texas by Mr. Hickok was his separate property. Oliver v. Robertson, 41 Tex. 422; Duke v. Reed, 64 Tex. 705; Grange v. Kayser, Tex.Civ.App., 80 S.W.2d 1007; Tasher v. Foster Lumber Co., Tex.Civ.App., 205 S.W. 2d 665; Thayer v. Clarke, Tex.Civ.App., 77 S.W. 1050, 1051, affirmed 98 Tex. 142, 81 S.W. 1274; 23 Tex.Jur. 96, Sec. 73.

The judgment of the trial court insofar as it decreed that the charities had no vested interest in the real estate belonging to the partnership of Hickok & Reynolds and that Mrs. Hickok had no community interest in any of the real estate situated in Texas is affirmed. That portion of the judgment decreeing that the charities had a vested remainder in the individually owned property of Arthur S. Hickok is reversed and judgment is here rendered that the charities have no vested remainder therein.

The judgment of the trial court is affirmed in part and reversed and rendered in part.